Christopher T. Casamassima (SBN 211280)
chris.casamassima@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 213 443 5300
Facsimile: +1 213 443 5400

*Attorney for Defendant*
GREAT PLAINS LENDING, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KIMETRA BRICE, EARL BROWNE, and JILL NOVOROT, *individually and on behalf of all others similarly situated,* | Civil Action No. 3:18-cv-01200-WHO |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT GREAT PLAINS LENDING, LLC TO STAY PROCEEDINGS** |
| v. | |
| KENNETH REES; GPL SERVICING, LTD.; PLAIN GREEN, LLC; GREAT PLAINS LENDING, LLC; VICTORY PARK CAPITAL ADVISORS, LLC; VICTORY PARK MANAGEMENT, LLC; SCOTT ZEMNICK; JEFFREY SCHNEIDER; THOMAS WELCH; HAYNES INVESTMENTS, LLC; and L. STEPHEN HAYNES, | Hearing Date: June 20, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 20, 2018, at 2:00 p.m. in the U.S. District Court for the Northern District of California, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, or as soon thereafter as the parties may be heard, Defendant Great Plains Lending, LLC shall and hereby does move for an order staying the claims against it in the above-captioned litigation pending a ruling from the Judicial Panel on Multidistrict Litigation ("JPML") in Case MDL No. 2851, which Defendants expect will be heard on July 26, 2018.

**STATEMENT OF REQUESTED RELIEF**

Defendant Great Plains Lending, LLC requests that the Court stay any further proceedings on the claims against it, including any and all deadlines for responsive pleadings, until after the JPML rules on Great Plains's Motion for Consolidation and Transfer under 28 U.S.C. § 1047 and a scheduling order or briefing schedule is entered in a transferee court. In the event that Great Plains's Motion for Consolidation and Transfer is denied, the parties will confer within seven (7) days of the JPML's order regarding the due date for responsive pleadings in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Great Plains respectfully moves for an order staying all deadlines in this action until after the JPML rules on a pending Motion for Consolidation and Transfer under 28 U.S.C. § 1407, and states as follows:

Plaintiffs filed the Complaint in this litigation on February 23, 2018. Great Plains executed a waiver of service on May 1, 2018, and its responsive pleadings are therefore due July 2, 2018.

Two other complaints alleging similar claims have been filed in other Districts. *See Granger et al v. Great Plains Lending, et al.*, No. 1:18-cv-112 (M.D.N.C.); *Gibbs et al. v. Plain Green et al.*, No. 3:17-cv-495 (E.D. Va.). Each of these cases have been filed against Great Plains in connection with its commercial lending practices.

Great Plains is a company owned by the federally recognized Otoe-Missouria Tribe of Indians (the "Tribe") and incorporated under the laws of the Tribe. Therefore, all of the cases will involve the same threshold issue of sovereign immunity.

Further, all of these cases concern the same core issue—the legality of loans made by Great Plains. They allege a supposed "rent-a-tribe" scheme involving the lending operations of Great Plains. They assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which prohibits the "collection of unlawful debt," as their primary causes of action. And they all allege causes of action for unjust enrichment.

Because of the similarities of these actions, on May 9, 2018, Great Plains filed a Motion for Consolidation and Transfer under 28 U.S.C. § 1407 before the JPML to coordinate and/or consolidate all of the actions in one court. *See In re Great Plains Lending, LLC Litig.*, MDL No. 2851. A copy of Great Plains's motion is attached as Exhibit A. Great Plains expects that the case will be argued to the Panel at the July 26, 2018 JPML hearing, and that the JPML will thereafter consolidate all of the claims against it.

Great Plains wishes to preserve the parties' and the Court's resources and efficiently manage the litigation so as not to cause prejudice. Therefore, Great Plains respectfully requests that this Court stay further proceedings on the claims against it pending a decision by the JPML.

In determining whether a stay is warranted pending transfer by the JPML, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Couture v. Hoffman–La Roche, Inc.*, No. 12–cv–2657–PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

There will be no prejudice to Plaintiffs if this case is stayed. This case is in its infancy: discovery has not begun and no substantive motions have been filed. Great Plains's responsive pleadings are not due until July 2, 2018. As mentioned, Great Plains expects to be heard at the July 26, 2018 JPML hearing. The JPML usually acts quickly—within two weeks—to determine

whether consolidation is appropriate. *See Sprint Commc'ns Co. L.P. v. Pac. Bell Tel. Co.*, No. 2:14-CV-01257-MCE-CK, 2014 WL 7239474, at *1 (E.D. Cal. Dec. 16, 2014). Any delay will be insignificant and is outweighed by the risks of hardship and inconsistent rulings and the benefits of judicial efficiency.

On the other hand, there is a high risk of hardship and inequity to Great Plains—as well as Plaintiffs—if this action proceeds. Great Plains intends to file several motions in response to the Complaint in this case. Great Plains will file a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because, as an arm of a federally recognized Indian tribe, Great Plains is entitled to sovereign immunity. In the alternative to its 12(b)(1) motion, Great Plains will file a motion to compel arbitration because Plaintiffs agreed in their loan agreements that any disputes would be arbitrated. Third, and also in the alternative, Great Plains will file a motion to dismiss for failure to state a claim under Rule 12(b)(6). If this case is not stayed, Plaintiffs will potentially need to expend substantial resources to respond to these motions. Staying this action will prevent duplicative litigation and the risk of inconsistent rulings and obligations for all parties. *See Couture*, 2012 WL 3042994, at *2 (staying an action pending transfer to prevent duplicative litigation and inconsistent rulings where other pending actions involved similar issues).

Finally, staying an action pending a final decision from the MDL panel promotes judicial economy. *Stark v. Pfizer*, No. 14-CV-01488-JST, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) (citing *J.W. v. Pfizer, Inc.*, 13–cv–00318–YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013)). Judicial economy is served by avoiding duplicative and potentially inconsistent Rule 12 rulings. *See, e.g.*, *Hulsh v. Bayer Healthcare Pharm. Inc.*, No. 15-CV-04801-JST, 2016 WL 7168398, at *2 (N.D. Cal. Jan. 11, 2016) (granting a stay where other cases involved the same initial jurisdictional issues); *Major-Mack v. Organon USA, Inc.*, No. 13-CV-05421-JST, 2014 WL 296935, at *2 (N.D. Cal. Jan. 26, 2014) (same). For that reason, courts routinely grant a stay of proceedings pending a decision by the JPML regarding whether to transfer a case. *See, e.g.*, *Major-Mack*, 2014 WL 296935, at *2; *Hulsh*, 2016 WL 7168398, at *2; *Good v. Prudential Ins.*

*Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (courts "frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case").

Accordingly, Great Plains respectfully requests that the court enter an order staying this action in its entirety, including any and all deadlines for responsive pleadings, until after a scheduling order or briefing schedule is entered in a transferee court. In the event that the Motion for Consolidation and Transfer under 28. U.S.C. § 1407 is denied, the parties will confer within seven (7) days of the JPML's order regarding the due date for responsive pleadings in this action.

A proposed order is attached.

Dated: May 10, 2018.

Respectfully Submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ *Christopher T. Casamassima*
Christopher T. Casamassima

*Attorney for Defendant*
Great Plains Lending, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2018, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: */s/ Christopher T. Casamassima*
Christopher T. Casamassima