UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GREAT PLAINS LENDING, LLC,
LITIGATION                                                                                          MDL No. 2851


ORDER DENYING TRANSFER


**Before the Panel:**[*] Defendant Great Plains Lending, LLC, moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Western District of Oklahoma or, alternatively, the Northern District of Texas. This litigation consists of three actions pending in the Northern District of California, the Middle District of North Carolina, and the Eastern District of Virginia, as listed on Schedule A. Great Plains specifically requests centralization only of the claims against it and does not seek centralization of claims against other defendants. Defendant Plain Green, LLC, which is named in two of the actions, does not oppose the motion, but argues against inclusion of the claims naming Plain Green in any MDL. Alternatively, Plain Green supports centralization in the Western District of Oklahoma. Plaintiffs in all three actions on the motion oppose centralization. Plaintiffs in two of the actions alternatively suggest the Eastern District of Virginia as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Great Plains has not met that burden here.

There is no dispute that this litigation involves common factual questions relating to an alleged "rent-a-tribe" scheme by a lender, Think Finance, LLC, designed to evade state usury laws that limit the amount of interest lenders can charge on loans. Plaintiffs allege that Think Finance issued loans using tribal entities (Great Plains and Plain Green) as fronts so as to benefit from tribal sovereign immunity. Even so, the common factual issues presented by these actions are not particularly numerous or complex. Great Plains' motion focuses on the potential for duplicative discovery and pretrial practice with respect to its assertion of tribal sovereign immunity. But there are only three actions before the Panel, and plaintiffs in two of these actions are represented by the same counsel. In these circumstances, alternatives to centralization, such as informal cooperation among the relatively few involved attorneys and coordination among the involved courts, are eminently feasible and will be sufficient to minimize any potential for duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). At oral argument, plaintiffs indicated their willingness to coordinate with Great Plains to avoid duplication of efforts with respect to discovery.

Moreover, Great Plain's request for a "Great Plains-only" MDL would inject more complexity into this litigation, rather than reduce it. Transferring only the claims against Great Plains to either Oklahoma or Texas, where there are no pending actions, and separating the claims against other defendants and remanding them to the transferor courts, would result in four actions, not three. These actions would have to be coordinated with one another, as they arise from the same factual core, as well as with a bankruptcy proceeding pending in the Northern District of Texas that involves Think Finance. Centralization in this instance thus would not further the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: GREAT PLAINS LENDING, LLC,
LITIGATION                                                      MDL No. 2851

## SCHEDULE A

Northern District of California

BRICE, ET AL. v. REES, ET AL., C.A. No. 3:18-01200

Middle District of North Carolina

GRANGER, ET AL. v. GREAT PLAINS LENDING, LLC, ET AL.,
    C.A. No. 1:18-00112

Eastern District of Virginia

GIBBS, ET AL. v. PLAIN GREEN, LLC, ET AL., C.A. No. 3:17-00495