ARMSTRONG TEASDALE, LLP
Richard L. Scheff (*pro hac vice*)
Jonathan P. Boughrum (*pro hac vice*)
David F. Herman (*pro hac vice*)
1500 Market Street, 12th Fl., East Tower
Philadelphia, PA 19102
Telephone:   (215) 246-3479
Facsimile:    (215) 569-8228
Email: rscheff@armstrongteasdale.com
          jboughrum@armstrongteasdale.com
          dherman@armstrongteasdale.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
ANNA S. McLEAN (Cal. Bar No. 142233)
DANIEL R. FONG (Cal. Bar No. 311985)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:   (415) 434-9100
Facsimile:    (415) 434-3947
Email: amclean@sheppardmullin.com
         dfong@sheppardmullin.com

Attorneys for Defendants
*Haynes Investments, LLC and L. Steven Haynes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KIMETRA BRICE, EARL BROWNE, and JILL NOVOROT, *on behalf of themselves and all individuals similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH REES, GPL SERVICING, LTD., PLAIN GREEN, LLC, GREAT PLAINS LENDING , LLC, VICTORY PARK CAPITAL ADVISORS, LLC, VICTORY PARK MANAGEMENT, LLC, SCOTT ZEMNICK, JEFFREY SCHNEIDER, THOMAS WELCH, HAYNES INVESTMENTS, LLC, and L. STEPHEN HAYNES,<br><br>Defendants. | Case No. 3:18-cv-01200-WHO<br><br>**DEFENDANTS HAYNES INVESTMENTS, LLC, AND L. STEVEN HAYNES' MOTION TO STAY**<br><br>[[*Proposed*] *Order filed concurrently herewith*]<br><br>Date:  November 14, 2018<br>Time:  2:00 p.m.<br>Place:  Courtroom 2, 17th Floor<br><br>Assigned to the Hon. William H. Orrick |

## NOTICE OF MOTION AND MOTION

TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 14, 2018 at 2:00 p.m., in Courtroom 2, 17th Floor, of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Haynes Investments, LLC and L. Steven Haynes will and hereby do move the Court to stay this action pursuant to the first-to-file doctrine pending a decision on class certification in the matter *Gingras, et al. v. Victory Park Capital Advisors, LLC, et al.*, No. 5:17-cv-233 (D. Vt.).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities herein; the papers and pleadings on file; and on such additional papers and arguments as may be presented at or before a hearing on this matter. The grounds of this Motion are more fully set forth in the accompanying Brief in Support of the Motion, and are incorporated herein as if set forth in full.

Dated: October 10, 2018    By    */s/ Anna S. McLean*
Anna S. McLean (Cal. Bar No. 142233)
Daniel R. Fong (Cal. Bar No. 311985)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:   (415) 434-9100
Facsimile:   (415) 434-3947

Richard L. Scheff (admitted *pro hac vice*)
Jonathan P. Boughrum (admitted *pro hac vice*)
David F. Herman (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
1500 Market Street, Fl. 12, East Tower
Philadelphia, PA  19102
Telephone:  215.246.3478

Attorneys for Defendants
*L. Steven Haynes and Haynes Investments, LLC*

## MEMORANDUM OF POINTS & AUTHORITIES

Defendants Haynes Investments, LLC, and L. Steven Haynes (the "Haynes Defendants") move the Court for an order staying this action pending further developments in the substantially identical matter of *Gingras v. Victory Park Capital Advisors, LLC, et al.*, No. 5:17-cv-233 (D. Vt.) (the "*Gingras* action"), under the first-to-file doctrine. In light of the Court's prior Order (Dkt. 66) transferring the claims against the majority of the then-Defendants to the Northern District of Texas to be addressed alongside related bankruptcy proceedings, and Plaintiffs' subsequent voluntary dismissal of Great Plains Lending, LLC (Dkt. 71), what remains of this case is a putative class action against Plain Green, LLC ("Plain Green") and the Haynes Defendants related to their alleged participation in Plain Green's lending activity, which activity Plaintiffs claim violated federal and state laws.

Those are precisely the claims at issue in *Gingras*, where the plaintiffs seek to represent a nationwide class of consumers who likewise claim Plain Green's lending operation was illegal and, as here, that the Haynes Defendants should be held liable for their supposed actions, including the same allegations that the Haynes Defendants funded the loans and assisted Plain Green in finding an Automated Clearing House ("ACH") servicer. Because *Gingras* was indisputably filed first, and because the parties and claims remaining at issue here are substantially the same as those in *Gingras*, the Court should exercise its discretion and stay this case pending a class certification decision in the *Gingras* action.

### I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

As the Court is aware, this case is one of many being litigated in courts across the country related to loans made by Native American tribes, with the help of servicers such as Think Finance, Inc. ("Think Finance"), to consumers via the internet. The Court earlier transferred the claims against the majority of the then-Defendants in this case to the Northern District of Texas to be adjudicated alongside related bankruptcy proceedings involving Think Finance (Dkt. 66). After the Court did so, Plaintiffs then voluntarily dismissed Defendant Great Plains Lending, LLC ("Great Plains").

1   Consequently, the only remaining claims pending before the Court are those brought
2   against Plain Green and the Haynes Defendants. This is not, however, the first time the Haynes
3   Defendants have been sued for their alleged involvement in Plain Green's lending activities.
4   Rather, nearly three months before the filing of the Complaint in this action, a putative nationwide
5   class of consumers brought suit against Haynes Investments, LLC, and others, for nearly exactly
6   the same alleged wrongdoings Plaintiffs seek to redress here. *See generally Gingras, et al. v.*
7   *Victory Park Capital Advisors, LLC, et al.*, No. 5:17-cv-233 (D. Vt.), Dkt. 1 ("Vermont
8   Complaint") (attached hereto as Exhibit "A"). As here, the *Gingras* plaintiffs, on behalf of the
9   putative nationwide class, say they borrowed money from Plain Green, which was controlled by
10  the Chippewa Cree Tribe of Rocky Boy Montana and had been established with help and funding
11  from other defendants, including the Haynes Defendants. *Compare generally id.*, *with* Dkt. 1. At
12  bottom, each set of plaintiffs in both actions seeks to hold the Haynes Defendants liable on the
13  same theory of the case: that the Haynes Defendants invested in what they describe as an illegal
14  lending enterprise involving Native American tribes and various loan servicers, including Think
15  Finance, and assisted the servicers in attempting to find a bank to work with the servicers in
16  collecting the loans via ACH. *Compare, e.g,.* Vermont Complaint at ¶¶ 78, 92, *with* Dkt. 1 at ¶¶
17  82, 88.
18      Thus, Haynes Investments, LLC is already being sued in Vermont for nearly the same
19  conduct allegedly taken by Defendants L. Steven Haynes and Haynes Investments in this case.
20  Aside from Plaintiffs here adding Mr. Haynes as an individual Defendant, bringing suit against
21  Plain Green itself (the Vermont plaintiffs did not do so), and tacking on California state law claims
22  on top of their claims under the federal Racketeer Influenced and Corrupt Organizations Act
23  ("RICO"), 18 U.S.C. §§ 1961, et seq., the parties and issues are essentially identical. Because it is
24  beyond dispute that *Gingras* was filed first, the Haynes Defendants respectfully request this Court
25  to exercise its discretion and order these proceedings be stayed under the first-to-file doctrine
26  pending further developments in the *Gingras* action.
27  ///
28

SMRH:488064612.1                    -2-                    CASE NO. 3-18-CV-01200-WHO
                                                           DEFENDANTS HAYNES INVESTMENTS, LLC
                                                           AND L. STEVEN HAYNES' MOTION TO STAY

## II. THIS MATTER IS NEARLY IDENTICAL TO AN EXISTING PUTATIVE CLASS ACTION IN THE DISTRICT OF VERMONT; IT SHOULD BE STAYED STAYED PENDING DEVELOPMENTS IN THE VERMONT CASE.

Before the parties and court invest any significant efforts in setting down the path toward trial, the Court should apply the first-to-file doctrine and order the case be stayed pending developments in a nearly identical putative nationwide class action pending in the District of Vermont.

The first-to-file doctrine applies in situations where a "similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991); *accord Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (noting that the doctrine applies "if a similar case with substantially similar issues and parties was previously filed in another district court"). It "is 'a generally recognized doctrine of federal comity' permitting a district court to decline jurisdiction over an action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1292 (N.D. Cal. 2013) (quoting *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006)). The doctrine is designed to "promote efficiency well and should not be disregarded lightly." *Intersearch Worldwide, Ltd. V. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 957 (N.D. Cal. 2008) (citation and internal quotation marks omitted). To this end, the first-to-file doctrine assists in "avoid[ing] placing an unnecessary burden on the federal judiciary and, and to avoid the embarrassment of conflicting judgments." *Id*. (citation and internal quotation marks omitted). Courts consider three factors in determining whether to apply the first-to-file doctrine: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Wallerstein*, 967 F.Supp.2d at 1293 (citing *Schwartz v. Frito-Lay N. Am.*, No. c-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012)).

Although transfer is ordinarily the remedy afforded where the first-to-file doctrine applies, the district court may also dismiss a second-filed case, or stay it pending the first-filed case. *E.g.*, *Wallerstein*, 967 F.Supp.2d at 1292 (citations omitted). Here, the Haynes Defendants request a

stay.[1] Straightforward application of the first-to-file factors counsels that the Haynes Defendants' stay request be granted.

### A. The nearly identical *Gingras* action was filed first.

The *Gingras* plaintiffs brought suit in the District of Vermont in November 2017. *See generally* Vermont Complaint. The Complaint in this case was filed roughly three months later, in February 2018 (Dkt. 1). Indeed, given the many similar cases brought in courts around the country alleging nearly the same conduct by the same or substantially the same persons and entities, Plaintiffs here almost certainly knew of the Vermont case at the time they brought this second action.

### B. The parties to this suit and the issues involved are substantially the same as those in Vermont.

The parties to this suit and the claims Plaintiffs bring are substantially the same as those involved in the *Gingras* action.

At the outset, neither the parties nor the claims need be precisely identical for the first-to-file doctrine to apply. All that is required is a substantial overlap of parties and issues. *E.g.*, *Kohn Law Grp., Inc.*, 787 F.3d at 1239 (noting requirement is merely that the first-filed case involve "substantially similar issues and parties"); *accord Intersearch Worldwide, Ltd.*, 544 F.Supp.2d at 959 ("[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues.") (emphasis in original); *Adoma v. Univ. of Phoenix, Inc.*, 711 F.Supp.2d 1142, 1148 (E.D. Cal. 2010) (similar); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (similar); Schwartz, 2012 WL 8147135, at *3 ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."); *Lovell v.*

---

[1] While the Haynes Defendants believe that transfer to the District of Vermont for reasons similar to those outlined below would be appropriate, they recognize decisional authority such as the Ninth Circuit's recent decision in *In re Bozic*, 888 F.3d 1048 (9th Cir. 2018), which suggested in similar circumstances that transfer may not be appropriate here. As outlined below, a stay pending the *Gingras* action will, as a practical matter, achieve the same comity objectives, including promoting judicial economy and the avoidance of the potential for inconsistent judgments, as transfer would.

*United Airlines, Inc.*, 728 F.Supp.2d 1096, 1101 (D. Haw. 2010) (similar). Both the parties and the claims at issue here are substantially similar.

As to the parties, the only remaining Defendants in this case are the Haynes Defendants and Plain Green. Haynes Investments, LLC is named as a defendant in the *Gingras* action based on conduct allegedly taken by its principal, Mr. Haynes (who is named as a Defendant here). And with the earlier voluntary dismissal of Great Plains from this case, the claims in both actions against the Haynes Defendants center on the allegations that they made investments that funded loans made by (Defendant here) Plain Green, and assisted the allegedly improper lending enterprise in seeking out an ACH vendor. *Compare, e.g.*, Vermont Complaint at ¶¶ 13, 74, 78, 92, 260-61, *with* Dkt. 1 at ¶¶ 18, 19, 82-97.

The Plaintiffs here, as in Vermont, are persons who obtained the loans at issue from Plain Green via the internet. It is unsurprising, therefore, that the primary claims Plaintiffs here have brought – federal RICO claims centering on the allegedly sham lending enterprise – are likewise nearly the same as in *Gingras*. This substantial overlap in parties and claims militates in favor of staying this action pending the resolution of *Gingras* in Vermont.[2]

Given Plaintiffs' decision to bring this separate action after the *Gingras* action had already been instituted – Gingras being a case in which the plaintiffs seek to represent all Plain Green consumers nationwide, including California residents – a stay of this matter pending resolution of *Gingras* is appropriate and warranted. To proceed with this case at the same time *Gingras* is

---

[2] The existence of pendant California state-law claims is not an impediment to applying the first-to-file doctrine. The overwhelming crux of plaintiffs' cases in both actions centers on the alleged sham lending enterprise as a violation of federal RICO law. Courts confronting similar circumstances where parties added claims not present in the first-filed action, but where the bulk of the claims in both cases centered on the same central allegations, have applied the first-to-file, including transferring the second-filed case notwithstanding the additional claims. *E.g.*, *Schwartz*, 2012 WL 8147135, at *3 ("Plaintiff's complaint has a few additional claims (negligent misrepresentation in addition to intentional misrepresentation, fraudulent concealment, and breach of implied warranty of fitness/purpose), but these claims are closely related to the main claims in both cases.") (citation omitted); *Wyler-Wittenberg v. MetLife*, 899 F.Supp.2d 235, 245 (E.D.N.Y. 2012) (transferring based on first-to-file doctrine a new action substantially similar to several *(con't)* other putative class actions despite existence of new claims under New York law not present in transferee venue).

pending presents the potential for wasted party and court resources and time on two nearly identical actions. Those cases would be best addressed by one court in the first instance, not only in the name of efficiency but to avoid the danger of inconsistent judgments the first-to-file doctrine was meant to guard against.

Indeed, many courts have recognized that these concerns are particularly heightened in the class-action context. And while the Haynes Defendants acknowledge Ninth Circuit precedent suggesting that transfer may not be possible in these circumstances, *see supra* Note 1, courts in other jurisdictions have transferred later-filed cases where the potential for overlap between the potential classes existed. *See, e.g.*, *Catanese v. Unilever*, 774 F.Supp.2d 684, 688 (D.N.J. 2011) (transferring subsequently filed class action; observing, "If nationwide classes were certified in both actions, each of the named plaintiffs would be included in the other's class. This Court cannot allow a parallel action to proceed which involves putative absent class members from an earlier-filed class action. Such a situation would cause substantial duplication of effort, and worse, potentially inconsistent rulings. This would frustrate one of the primary purposes of the rule, which is to avoid the embarrassment of conflicting judgments."); *Ortiz v. Panera Bread Co.*, No. 1:10cv1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) ("The first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations."); *see also, e.g.*, *Peak v. Green Tree Fin. Serv. Corp.*, No. 00-0953 SC, 2000 WL 973685, at *2-*3 (N.D.Cal. Jul. 7, 2000).

Faced with similar circumstances, the Sixth Circuit in *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785 (6th Cir. 2016), reversed the district court's dismissal of a second-filed class action and remanded to the trial court suggesting a stay would be the appropriate remedy. There, the district court initially dismissed a second-filed putative class action despite the pendency of a similar putative class action elsewhere. The Sixth Circuit ultimately determined that the second-filed class action should eventually have its day in court, but found that allowing that case to progress in advance of a certification decision in the first-filed case

would occasion many of the potential problems the Haynes Defendants have identified in this Motion. The Sixth Circuit noted that courts have looked to whether a second-filed class had "substantial overlap with the [first-filed] putative class even though the class has not yet been certified." *Id*. at 790-91. The reason complete overlap is not required, the Sixth Circuit explained, "is fairly straightforward: if the opposite rule were adopted, the first-to-file rule might never apply to overlapping class actions as long as they were filed by different plaintiffs." *Id*. (collecting cases from various jurisdictions and noting concerns regarding duplicative litigation and potential for inconsistent judgments); *accord Adoma*, 711 F.Supp.2d 1142, 1147-48 (E.D. Cal. 2010) (collecting similar cases).

What remains of this case is a putative class action brought by consumers who claim that Plain Green, LLC and the Haynes Defendants are liable for their role in the larger alleged lending enterprise involving loans Plaintiffs took from Plain Green (a lender affiliated with the Chippewa Cree Native American tribe). The plaintiffs in *Gingras* have sued similar parties (including Haynes Investments, LLC) for nearly the same alleged conduct, which alleged conduct arises from precisely the same supposedly improper lending enterprise involved here. Indeed, if certified, the putative nationwide class the *Gingras* plaintiffs seek to certify would include and seek to represent the interests of Plaintiffs here. Such a clear overlap of parties and claims counsels in favor of applying the first-to-file doctrine. Because *Gingras* was filed first and involves substantially the same parties and claims as those here, the action should accordingly be stayed until at least such time as the Vermont court decides whether a nationwide class will be certified.

## III. CONCLUSION

The Vermont litigation presents a situation where a pre-existing putative class seeks to represent interests, including those of Plaintiffs here, in a nearly identical suit against nearly identical defendants. For the foregoing reasons, this action should be stayed pending further a decision on class certification in the Vermont litigation.

| | | |
|---|---|---|
| Dated:  October 10, 2018 | By | /s/ Anna S. McLean |

                                                         Anna S. McLean (Cal. Bar No. 142233)
Daniel R. Fong (Cal. Bar No. 311985)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:   (415) 434-9100
Facsimile:   (415) 434-3947

Richard L. Scheff (admitted *pro hac vice*)
Jonathan P. Boughrum (admitted *pro hac vice*)
David F. Herman (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
1500 Market Street, Fl. 12, East Tower
Philadelphia, PA  19102
Telephone:  215.246.3478

Attorneys for Defendants
*L. Steven Haynes and Haynes Investments, LLC*