ARMSTRONG TEASDALE, LLP
Richard L. Scheff (admitted *pro hac vice*)
Jonathan P. Boughrum (admitted *pro hac vice*)
David F. Herman (admitted *pro hac vice*)
1500 Market Street, Fl. 12, East Tower
Philadelphia, PA  19102
Telephone:  215.246.3478
Email:  rscheff@armstrongteasdale.com
        jboughrum@armstrongteasdale.com
        dherman@armstrongteasdale.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
ANNA S. McLEAN (Cal. Bar No. 142233)
DANIEL R. FONG (Cal. Bar No. 311985)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:  amclean@sheppardmullin.com
        dfong@sheppardmullin.com

Attorneys for Defendants
*Haynes Investments, LLC and L. Steven Haynes*

# UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KIMETRA BRICE, EARL BROWNE, and JILL NOVOROT, *on behalf of themselves and all individuals similarly situated,* | Case No.  3:18-cv-1200-WHO |
| Plaintiffs, | **DEFENDANTS HAYNES INVESTMENTS, LLC AND L. STEVEN HAYNES' MOTION TO DISMISS COMPLAINT** |
| v. | [[*Proposed] Order Filed Concurrently Herewith*] |
| KENNETH REES, GPL SERVICING, LTD., PLAIN GREEN, LLC, GREAT PLAINS LENDING , LLC, VICTORY PARK CAPITAL ADVISORS, LLC, VICTORY PARK MANAGEMENT, LLC, SCOTT ZEMNICK, JEFFREY SCHNEIDER, THOMAS WELCH, HAYNES INVESTMENTS, LLC, and L. STEPHEN HAYNES, | Date:  November 14, 2018 Time:  9:00 a.m. Room:  Courtroom 2 |
| Defendants. | Complaint filed:  February 23, 2018 |

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES TO BE DECIDED ............................................................................1

I.      MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION ..................................3

II.     BACKGROUND ........................................................................................................3

III.    THERE IS NO PERSONAL JURISDICTION OVER THE HAYNES DEFENDANTS ..............4

    A.    Legal Standard ....................................................................................................4

    B.    The Complaint must be dismissed for lack of personal jurisdiction.....................4

    C.    RICO's nationwide service of process provision does not provide the Court with personal jurisdiction over the Haynes Defendants...............................................6

IV.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AS TO THE HAYNES DEFENDANTS AND MUST BE DISMISSED. ...............................................................8

    A.    Legal Standard ....................................................................................................8

    B.    The choice-of-law provision in the loan agreement must be enforced. ...............9

    C.    Plaintiffs' RICO claims are deficient as a matter of law. ..................................13

        1.    *Plaintiffs lack RICO standing for their claims against the Haynes Defendants.* ...........................................................................................14

        2.    *The Complaint fails to establish a violation of Section 1962 by the Haynes Defendants.* .............................................................................16

            a.    The Haynes Defendants did not collect of unlawful debts. ....................17

            b.    The Complaint fails to allege the Haynes Defendants invested in, acquired, or operated any enterprise *through* the collection of unlawful debts. .................................................................................18

        3.    *The Complaint fails to establish a RICO conspiracy.* ..........................21

    D.    Plaintiffs' California usury claims fail.............................................................22

    E.    Plaintiffs' unjust enrichment claims are similarly without merit......................23

    F.    The Haynes Defendants incorporate by reference certain arguments. ..............24

V.      CONCLUSION..........................................................................................................24

## TABLE OF AUTHORITIES

Page(s)

<u>Federal Cases</u>

*Abat v. Chase Bank USA, N.A.*
   No. SACV0701476CJCANX, 2010 WL 11465416 (C.D. Cal. Oct. 28, 2010)..................................11

*Abraham v. Singh*
   480 F.3d 351 (5th Cir. 2007) .........................................................................................................17

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)......................................................................................................................8, 9

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007).........................................................................................................................8

*Bristol-Myers Squibb Co. v. Super. Ct.*
   582 U.S. ----, 137 S.Ct. 1773 (2017) ..........................................................................................4, 5

*Burton v. Gerber Products Company*
   2017 WL 3016740 (9th Cir. Jul. 17, 2017)...................................................................................23

*Butcher's Union Local No. 498, United Food & Comm. Workers v. SDC Inv., Inc.*
   788 F.2d 535 (9th Cir. 1986) ...........................................................................................................6

*In re Century Aluminium Co. Secs. Litig.*
   729 F.3d 1104 (9th Cir. 2013) .........................................................................................................9

*Chi v. MasterCard Int'l, Inc.*
   No. 1:14-CV-614-TWT, 2014 WL 5019917 (N.D. Ga. Oct. 7, 2014) ............................................20

*Dahlgren v. First Nat. Bank of Holdrege*
   533 F.3d 681 (8th Cir. 2008) .........................................................................................................19

*Daimler AG v. Bauman*
   134 S. Ct. 746 (2014).................................................................................................................5, 7

*Dongelewicz v. PNC Bank Nat'l Ass'n*
   104 F. App'x 811 (3d Cir. 2004) ..................................................................................................21

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*
   751 F.3d 990 (9th Cir. 2014) ...........................................................................................................9

*Estate of Carvel ex rel. Carvel v. Ross*
   566 F. Supp. 2d 342 (D. Del. 2008).................................................................................................6

*Fields v. Twitter, Inc.*
   881 F.3d 739 (9th Cir. 2018) ...................................................................................................14, 16

*Figueroa Ruiz v. Alegria*
    896 F.2d 645 (1st Cir. 1990) ...........................................................................18

*Flip Mortgage Corp. v. McElhone*
    841 F.2d 531 (4th Cir. 1988) ...........................................................................18

*Frenzel v. Aliphcom*
    No. 14-CV-03587-WHO, 2015 WL 4110811 (N.D. Cal. July 7, 2015)................11

*Genty v. Resolution Trust Corp.*
    937 F.2d 899 (3rd Cir. 1991) ...........................................................................15

*George v. Urban Settlement Servs.*
    833 F.3d 1242 (10th Cir. 2016) ........................................................................19

*Holmes v. Sec. Inv'r Prot. Corp.*
    503 U.S. 258 (1992)..........................................................................................14

*Hoopa Valley Tribe v. Nevins*
    881 F.2d 657 (9th Cir. 1989) ...........................................................................10

*Howard v. Am. Online Inc.*
    208 F.3d 741 (9th Cir. 2000) ...........................................................................21

*Huynh v. Chase Manhattan Bank*
    465 F.3d 992 (9th Cir. 2006) ...........................................................................11

*Indus. Bank of Latvia v. Baltic Fin. Corp., No. 93 Civ. 9032(LLS)*
    1994 WL 286162 (S.D.N.Y. Jun. 27, 1994) ....................................................20

*Int'l Bus. Machines Corp. v. Brown*
    134 F.3d 377 (9th Cir. 1998) (unpublished) ....................................................18

*Inyo Cty. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony*
    538 U.S. 701 (2003)..........................................................................................15

*Jackson v. BellSouth Telecomm'ns*
    372 F.3d 1250 (11th Cir. 2004) ........................................................................21

*Keeton v. Hustler Magazine, Inc.*
    465 U.S. 770 (1984)............................................................................................5

*Kellman v. Whole Foods Mkt., Inc.*
    313 F. Supp. 3d 1031 (N.D. Cal. 2018) .............................................................4

*Lamont v. Rothman*
    No. C 18-02997 2018 WL 4105060, at *1 (N.D. Cal. Aug. 29, 2018)................6

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) .............................................................................9

*Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*
    691 F. App'x 416 (9th Cir. 2017) ...........................................................................14

*Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*
    No. 17-CV-04992-BLF, 2018 WL 3439372 (N.D. Cal. July 17, 2018) ....................4, 7, 16

*Moss v. BMO Harris Bank, N.A.*
    258 F. Supp. 3d 289 (E.D.N.Y. 2017) ....................................................................19

*Oxford St. Properties, LLC v. Robbins*
    No. CV 10-2999-VBF(RZX), 2010 WL 11549864 (C.D. Cal. Sept. 15, 2010) ..................17

*Pennsylvania v. Think Finance*, No.
    14-CV-7139, 2018 WL 637656 (E.D. Pa. Jan. 31, 2018) ...........................................20

*Petters Co. Inc. v. BLS Sales Inc.*
    No. C 04-02160 CRB, 2005 WL 2072109 (N.D. Cal. Aug. 26, 2005) ...........................12

*PT United Can Co. Ltd v. Crown Cork & Seal Co., Inc.*
    138 F.3d 65 (2d Cir. 1998) ...................................................................................6

*Renaissance Ctr. Venture v. Lozovoj*
    884 F. Supp. 1132 (E.D. Mich. 1995) .....................................................................20

*Resolution Trust Corp. v. Keating*
    186 F.3d 1110 (9th Cir. 1999) ..............................................................................14

*Reves v. Ernst & Young*
    507 U.S. 170 (1993) .....................................................................................18, 19

*Rosner v. Bank of China*
    528 F. Supp. 2d 419 (S.D.N.Y. 2007) .....................................................................20

*Schwarzenegger v. Fred Martin Motor Co.*
    374 F.3d 797 (9th Cir. 2004) ..................................................................................4

*Shannon-Vail Five Inc. v. Bunch*
    270 F.3d 1207 (9th Cir. 2001) ..............................................................................11

*Shaw v. Nissan N. Am., Inc.*
    220 F. Supp. 3d 1046 (C.D. Cal. 2016) ..................................................................14

*Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n*
    840 F.2d 653 (9th Cir. 1988) ................................................................................18

*Super Vision Int'l, Inc. v. Mega Int'l Commercial Bank Co.*
    534 F. Supp. 2d 1326 (S.D. Fla. 2008) ...................................................................20

*Sybersound Records Inc. v. UAV Corp.*
    517 F.3d 1137 (9th Cir. 2008) .........................................................................14, 15

*Synopsys, Inc. v. Ubiquiti Networks, Inc.*
  313 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................16

*Tatung Co., Ltd. v. Shu Tze Hsu*
  43 F.Supp.3d 1036 (C.D. Cal. 2014) ...................................................................14

*Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*
  476 U.S. 877 (1986)..............................................................................................10

*United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v.*
  *Walgreen Co.*
  719 F.3d 849 (7th Cir. 2013) ...............................................................................21

*United States v. Bergrin*
  650 F.3d 257 (3d Cir. 2011)..................................................................................17

*United States v. Eufrasio*
  935 F.2d 553 (3d Cir. 1991)..................................................................................17

*United States v. Pepe*
  747 F.2d 632 (11th Cir. 1984) .......................................................................17, 18

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*
  No. MDL 2672 CRB (JSC), 2017 WL 4890594 (N.D. Cal. Oct. 30, 2017)........................19

*Walden v. Fiore*
  571 U.S. 271 (2014)......................................................................................5, 6, 7

*Zeiger v. WellPet LLC*
  304 F. Supp. 3d 837 (N.D. Cal. 2018) ..............................................................4, 5

State Cases

*Bisno v. Kahn*
  225 Cal. App. 4th 1087 (2014), *as modified on denial of reh'g* (May 23, 2014) ..............................22

*Clarke v. Horany*
  212 Cal. App. 2d 307 (1963) ................................................................................22

*De Havilland v. FX Networks, LLC*
  21 Cal. App. 5th 845, 870 (2018), *review denied* (July 11, 2018)......................................22

*Gamer v. duPont Glore Forgan, Inc.*
  65 Cal. App. 3d 280 (1976) ..................................................................................12

*Green Horizon Mfg. LLC v. Meridian Working Capital*
  No. A138781, 2014 WL 4594507 (Cal. App. Sept. 16, 2014) (unpublished) ....................................12

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*
  61 Cal. 4th 988 (2015) .........................................................................................23

*Liebelt v. Carney*
   213 Cal. 250 (1931) ........................................................................................22

*Nedlloyd Lines B.V. v. Super. Ct.*
   3 Cal.4th 459 (1992) .......................................................................................12

*Penziner v. W. Am. Fin. Co.*
   133 Cal. App. 578 (1933) ...............................................................................22

*Stock v. Meek*
   35 Cal. 2d 809 (1950) .....................................................................................22

*Ury v. Jewelers Acceptance Corp.*
   227 Cal. App. 2d 11 (1964) ............................................................................13

<u>Docketed Cases</u>

*In re Ins. Brokerage*
   618 F.3d at 372 ...................................................................................17, 18, 19

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

Federal Rules of Civil Procedure
   Rule 8(a)(2) .......................................................................................................8
   Rule 10(c) ........................................................................................................23
   Rule 12(b)(2) .....................................................................................................4
   Rule 12(b)(6) .....................................................................................................8

Title 18 United States Code
   § 1961(6) ...................................................................................................11, 13
   § 1962 ...........................................................................................11, 14, 16
   § 1962(a) ...............................................................................14, 16, 17, 18, 21
   § 1962(b) ......................................................................................16, 17, 18, 21
   § 1962(c) ..................................................................................16, 17, 18, 19, 21
   § 1962(d) .........................................................................................................21
   § 1964(c) .........................................................................................................14
   § 1965 .........................................................................................................6, 8
   § 1965(b) .....................................................................................................6, 7, 8

<u>State: Statutes, Rules, Regulations, Constitutional Provisions</u>

California Civil Code
   § 1646 .............................................................................................................11
   § 1916-3 ..........................................................................................................22
   § 1916-3(a) ......................................................................................................22

California Code of Civil Procedure
   § 410.10 .............................................................................................................4

<u>Other Authorities</u>

California Usury Laws ................................................................................................................. 11

The Racketeer Influenced and Corrupt Organizations Act (RICO) ...................................... *passim*

Restatement (Second) of Conflict of Laws ................................................................................. 11

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2018 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, United States District Court Judge, in Courtroom 2 – 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants L. Steven Haynes and Haynes Investments, LLC (collectively the "Haynes Defendants") will and hereby do move this Court for an order dismissing the claims of Plaintiffs' Kimetra Brice, Earl Browne, and Jill Novorot's Complaint.

The Motion is brought pursuant to Rules 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Court does not have personal jurisdiction over the Haynes Defendants in connection with Plaintiffs' causes of action,  and Plaintiffs' claims lack sufficient facts to support a valid claim against the Haynes Defendants.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all papers and records on file herein, and such other matters as may be presented to the Court at or before the hearing on this Motion.

<u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

1. Does the Court lack personal jurisdiction over Defendants Steven Haynes and Haynes Investment, LLC with respect to the causes of action in Plaintiffs' Complaint?

2. Is the choice-of-law provision in Plaintiffs' loan agreements enforceable and does it require application of the laws of the forum agreed upon *ex ante*?

3. Does the Complaint adequately allege facts as to Steven Haynes and Haynes Investments, LLC sufficient to state a claim under RICO Sections 1962(a)-(d)?

4. Does the contractual choice-of-law provision agreed to by Plaintiffs defeat their causes of action alleging violations of RICO, state-law usury provisions, and unjust enrichment?

DATED:  October 10, 2018          By   */s/ Anna S. McLean*
                                       Anna S. McLean (Cal. Bar No. 142233)
                                       Daniel R. Fong (Cal. Bar No. 311985)
                                       SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                       Four Embarcadero Center, 17th Floor
                                       San Francisco, CA 94111-4109
                                       Telephone:   (415) 434-9100
                                       Facsimile:    (415) 434-3947

                                       Richard L. Scheff (admitted *pro hac vice*)
                                       Jonathan P. Boughrum (admitted *pro hac vice*)
                                       David F. Herman (admitted *pro hac vice*)
                                       Armstrong Teasdale, LLP
                                       1500 Market Street, Fl. 12, East Tower
                                       Philadelphia, PA  19102
                                       Telephone:  (215) 246-3478

                                       Attorneys for Defendants
                                       *Haynes Investments, LLC and L. Steven Haynes*

1

## I.   MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION

2   Plaintiffs' claims against the Haynes Defendants, at their core, require the Court to accept the

3   conclusion all those associated with a Native American lender are responsible for the actions of the

4   lender.  But that is not so.  As other courts have found, claims against similar service providers

5   (including banks) are deficient as a matter of law.  The Court should not reach a different conclusion

6   here, and should dismiss the claims against the Haynes Defendants with prejudice.

7

## II.   BACKGROUND

8   Plaintiffs are three California consumers who took out loans from either Plain Green, LLC—

9   a lending entity owned and operated by the Chippewa Cree Tribe of the Rocky Boy Reservation,

10   Montana—or Great Plains Lending, LLC—a lending entity owned and operated by the Otoe-

11   Missouria Tribe.  Compl. ¶¶ 16-17, 138-140.   Notwithstanding that their attorneys have tens of

12   thousands of documents obtained through other lawsuits[1] pertaining to the Defendants' former

13   business relationship at the heart of this case, Plaintiffs muster only three basic allegations regarding

14   the Haynes Defendants.  First, that Haynes Investments, LLC was previously a lender to Plain

15   Green, LLC, receiving interest on funds lent to Plain Green through a line of credit—an act Plaintiffs

16   label as an "investment" into Plain Green.  Compl. ¶¶ 18-19, 50-51, 82, 86.  Plaintiffs admit,

17   however, that the Haynes Defendants provided **no** funding to Great Plains Lending, LLC and were

18   not involved in any interactions with that entity.  Compl. at ¶¶ 76-77.  Second, that Mr. Haynes

19   identified potential ACH providers and banks for use by Think Finance and/or the sovereign Native

20   American lenders in 2013. Compl. ¶¶ 87-88.  Third, that Mr. Haynes "acted as the liaison" between

21   Think Finance and the Chippewa Cree Tribe, an allegation Plaintiffs can only muster 'on

22   information and belief.'  Compl. ¶ 97.  Beyond these three limited allegations, there is nothing more

23   concerning the Haynes Defendants.  Indeed, despite the tens of thousands of documents within their

24   attorneys' possession, Plaintiffs allege nothing demonstrating that the Haynes Defendants have done

25   anything other than serve as a source of credit selected by Plain Green, LLC.

26

27
28

[1] Plaintiffs' attorneys are litigating practically identical cases in Federal Courts in Virginia and Florida, as well as within the Think Finance Bankruptcy.  Through these cases, Plaintiffs' attorneys have received significant discovery, including tens of thousands of documents.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   THERE IS NO PERSONAL JURISDICTION OVER THE HAYNES DEFENDANTS

### A.   Legal Standard

Under Rule 12(b)(2) a court is required to dismiss any defendant over whom it lacks personal jurisdiction. *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 843 (N.D. Cal. 2018). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Id.* (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)).   A plaintiff is able to "meet that burden by submitting affidavits and discovery materials."  *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992-BLF, 2018 WL 3439372, at *4 (N.D. Cal. July 17, 2018) (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)).   But where, as here, a defendant disputes the veracity of the allegations of a complaint, plaintiffs are not able to "simply rest on the bare allegations of its complaint...." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

### B.   The Complaint must be dismissed for lack of personal jurisdiction.

Mr. Haynes, a Texas resident with no property or connection to California, is not subject to the personal jurisdiction of this Court.  Compl. at ¶ 19.  Similarly, Haynes Investments, LLC, a Texas Limited Liability Company with a principal place of business in Dallas, Texas, is likewise without a connection sufficient to subject it to personal jurisdiction in this Court.  Comp. at ¶ 18.  In short, the Haynes Defendants lack contacts with California sufficient to subject them to suit here consistent with the requirements of due process.  Accordingly, the Complaint must be dismissed as to the Haynes Defendants.

California's long-arm statute permits jurisdiction to be exercised to the extent permitted by due process.  *Id.* at 800-01; Cal. Code Civ. Proc. § 410.10.  "Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1043–44 (N.D. Cal. 2018) (internal quotation marks omitted) (quoting *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015)).  This analysis requires the court to consider two specific types of contacts a defendant has with a forum: general and specific.  *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. ----, 137 S.Ct. 1773, 1779-80 (2017).

Here, Plaintiffs do not allege that the Haynes Defendants are subject to the general jurisdiction of the Court[2]  Instead, Plaintiffs seek to subject the Haynes Defendants to the specific jurisdiction of the Court.  To determine if specific jurisdiction exists as to the Haynes Defendants, the Court must consider:  (1) whether the Haynes Defendants either purposefully directed their activities or purposefully availed themselves of the benefits afforded by the forum's laws; (2) the Plaintiffs' claim arises out of or relates to the Haynes Defendants' forum-related activities; and (3) the exercise of jurisdiction is reasonable and comports with fair play and substantial justice.  *Zeiger*, 304 F. Supp. 3d at 848.

In determining personal jurisdiction, each defendant's contacts with the forum state must be assessed individually.  *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).  The focus must be on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 271, 283-84 (2014) (quoting *Keeton*, 465 U.S. at 775).  Due process is satisfied only where that relationship arises out of contacts that the "defendant *himself* creates with the forum State" without regard to the "unilateral activity of another party or a third person."  *Id*. 284 (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) *and Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).  "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S. Ct. at 1123 (quoting *Burger King Corp*., 471 U.S. at 475).  Rather, there must be a sufficient "activity or occurrence that takes place in the forum State," by a defendant relating to a claim by a plaintiffs such that the defendant is "subject to the State's regulation." *Bristol-Myers Squibb* at 1780.  That is missing here.

Here, Plaintiffs' claims as to the Haynes Defendants pertain to acts taken by others: the

---

[2] Nor could they, for as the Supreme Court has repeatedly recognized, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile…." *Id.* at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  For corporations, the paradigm forums are its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  This case is not brought where either Mr. Haynes is domiciled or where Haynes Investments, LLC has its place of incorporation or principal place of business, so general jurisdiction is inapplicable.

sovereign Native American lenders who made and collected loans from the Plaintiffs, and service providers such as Think Finance that Plaintiffs claim were controlling the Native American lenders. But those acts are not the acts of the Haynes Defendants and cannot be ascribed to them for jurisdictional purposes. *Walden*, 571 U.S. at 283-84. In fact, the only allegations of the Complaint touching upon California are the acts of the Native American lenders—not the Haynes Defendants.

As Plaintiffs have failed to satisfy their burden to provide unchallenged facts demonstrating the Haynes Defendants have any contacts with California that arise from *their* actions, they are not subject to the Court's jurisdiction and the Complaint should be dismissed.

## C.   RICO's nationwide service of process provision does not provide the Court with personal jurisdiction over the Haynes Defendants

In addition to the typical personal jurisdiction analysis, RICO's venue provisions permit a court to exercise personal jurisdiction over a defendant in certain limited circumstances. *See* 18 U.S.C. § 1965. Under well-established Ninth Circuit case law, the Court should consider its ability to exercise personal jurisdiction over the Haynes Defendants pursuant to 18 U.S.C. § 1965(b) only to the extent that the "ends of justice requires." *Butcher's Union Local No. 498, United Food & Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). Plaintiffs cannot make the required showings to demonstrate that the ends of justice require the exercise of nationwide jurisdiction.

Section 1965(b) "provides for nationwide service and jurisdiction over 'other parties' not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants." *PT United Can Co. Ltd v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998). But jurisdiction over other defendants not subject to jurisdiction in the forum under a more traditional due process analysis is not triggered automatically, and "the right to nationwide service in RICO suits is not unlimited." *Butcher's Union*, 788 F.2d at 539. Rather, Section 1965(b) "requires a showing that the 'ends of justice' so require" the assertion of the nationwide jurisdictional reach of the RICO statute. *Id.* Although the "ends of justice" is not defined under the statute, in the Ninth Circuit the party invoking the provision has the burden to demonstrate *both*: (1) that the court has personal jurisdiction over at least one defendant; and (2) there is no other district in which a court will have personal jurisdiction over all of the other

defendants.  *Lamont v. Rothman*, No. C 18-02997 SBA, 2018 WL 4105060, at *1 (N.D. Cal. Aug. 29, 2018) (citing *Butcher's Union*, 788 F.2d at 538-39); *see also Estate of Carvel ex rel. Carvel v. Ross*, 566 F. Supp. 2d 342, 351 (D. Del. 2008) (noting same).  Additionally, the Plaintiffs must show a single nationwide conspiracy, and allegations of participation in multiple separate conspiracies will not permit a court to utilize Section 1965(b).  *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992-BLF, 2018 WL 3439372, at *5 (N.D. Cal. July 17, 2018).  It is Plaintiffs' burden, as the party alleging jurisdiction in this forum, to make a *prima facie* showing sufficient to satisfy all three elements. *Id.* at *5-6.  Plaintiffs fail to meet these requirements.

First, there exists at least one other district in which a court could exercise personal jurisdiction over the remaining defendants in this case. The United States District Court for the District of Montana is a district where all defendants are amenable to suit.  That district is where the Chippewa Cree Tribe is located, and where their lending entity Plain Green, LLC, is headquartered and incorporated under Tribal law.  Compl. at ¶ 16.  The District of Montana is the district in which the Plain Green witnesses and documents reside.  *Id*.  It is also the district in which the Haynes Defendants are alleged to have assisted the Tribe.  As such, the District of Montana—not this one— is where all defendants are amenable to service and where this case must proceed.  Because there is another district in which a court will have personal jurisdiction over all defendants, the 'ends of justice' test does not permit Plaintiffs to maintain the present suit in this Court.

Second, Plaintiffs fail to demonstrate that there is at least one defendant over which this Court already possesses jurisdiction.  Indeed, after a number of transfers and the dismissal of Great Plains, Lending, LLC (ECF Nos. 66, 71) the only defendants that remain in this case are the Haynes Defendants and Plain Green, LLC.  As explained above, the Court does not possess jurisdiction over the Haynes Defendants.  Further, there is no basis upon which this Court can exercise jurisdiction over Plain Green, LLC.  There is no general jurisdiction over that entity—it is "at home" only in Montana where it maintains its principal place of business and where it is headquartered.  *Daimler*, 134 S. Ct. at 760.  And, there is no *possibility* of specific jurisdiction in this district arising as to the Haynes Defendants' interactions with Plain Green, an entity the Complaint makes clear "did not participate in the day-to-day operations of Plain Green and did not fund the loans or handle the

servicing or collections of the loans."  Compl. at ¶ 16.  The admitted non-involvement of Plain Green in the activities of the lending business at issue precludes a finding that the Haynes Defendants' interactions with Plain Green have created any connection with this forum sufficient to satisfy due process.  *Walden*, 571 U.S. at 284.  Accordingly, this Court does not have jurisdiction over any defendant, and the exercise of jurisdiction under Section 1965 is inappropriate.

Finally, Plaintiffs fail to demonstrate facts involving a single nationwide conspiracy.  Rather, Plaintiffs' Complaint alleges two distinct purported conspiracies—one involving Plain Green, LLC and the other involving Great Plains Lending, LLC.  The differences between these two purported conspiracies are particularly important with respect to the Haynes Defendants.  In one purported conspiracy involving Plain Green, the Haynes Defendants are alleged to have served as a source of funding, identified potential ACH providers to Plain Green Servicer, Think Finance, and acted a liaison to the tribe. Compl. at ¶¶ 18-19, 82-86. With the other purported conspiracy involving Great Plains, however, the Haynes Defendants provided no funding and is only alleged to be involved to the extent that Mr. Haynes assisted Think Finance to identify a bank to provide ACH services. Compl. at ¶¶76-77, 96.  These allegations do not indicate a single nationwide conspiracy.  Rather, they acknowledge that the Haynes Defendants lent money to one Native American lender, and were tangentially involved with a separate lender.  Such differences are particularly acute where some or all of Plaintiffs took out their loans from Plain Green, and others took out loans from Great Plains.  Accordingly, there is not a single, nationwide conspiracy alleged in the complaint, and Plaintiffs cannot utilize Section 1965(b) to gain personal jurisdiction over the Haynes Defendants.

## IV.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AS TO THE HAYNES DEFENDANTS AND MUST BE DISMISSED.

### A.   Legal Standard

The Federal Rules require that a complaint set forth "a short and plain statement showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a  complaint must provide more than "a formulaic recitation of the elements of a cause of action" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This is because the

Federal Rules "do [ ] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions…." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A motion under Fed. R. Civ. P. 12(b)(6) must be granted where a complaint lacks well-supported factual allegations that permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). And, in assessing the plausibility of particular allegations, a court must consider obvious alterative explanations for a defendant's behavior. *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 682). Where a court is faced with two such possible explanations, only one of which is true and results in liability, plaintiffs must offer "facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *In re Century Aluminium Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (internal quotation marks omitted). On a motion to dismiss, a court can properly consider "matters of public record" as well as documents referenced in a complaint, though not attached, without converting the motion to one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## B.   The choice-of-law provision in the loan agreement must be enforced.

Despite acknowledging that their loans contain choice-of-law provisions selecting the laws of the forum in which their sovereign Native American lender is incorporated, *see* Compl. at Exhs. 12-13, Plaintiffs seek to apply the laws of the state in which they reside to the exclusion of the law they agreed to in their loan contracts.[3] Under the laws of either Chippewa Cree Tribe or the Otoe-

---

[3] For example, on the first page of the Plain Green consumer loan agreement under the heading "**IMPORTANT DISCLOSURE**," Plaintiffs Brice and Novorot were informed in bold and all-caps:

> **PLEASE READ THIS DISCLOSURE CAREFULLY BEFORE SIGNING THIS AGREEMENT. LENDER IS AN ARM OF THE TRIBE, IT IS A COMMERCIAL ENTITY FORMED PURSUANT TO TRIBAL LAW, IT IS OWNED AND OPERATED BY THE TRIBE AND IT FUNCTIONS AS A NON-PROFIT COMMERCIAL ENTITY OF THE TRIBE, FORMED FOR THE EXPRESS PURPOSE OF ECONOMIC DEVELOPMENT. […]**

Missouria Tribe of Indians do not have any maximum rate of interest.[4]   The loans are, therefore, all lawful under the laws of the Chippewa Cree Tribe and the Otoe Missouria Tribe—laws that are "privileged from diminution by the states," absent Congressional action.   *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 891 (1986).   Indeed, the underlying lawfulness of these loans under the laws of the individual lenders should end the inquiry if the

> **YOU AGREE THAT THIS LOAN IS MADE WITHIN THE TRIBE'S JURISDICTION AND IS SUBJECT TO AND GOVERNED BY TRIBAL LAW AND NOT THE LAW OF YOUR RESIDENT STATE. IN MAKING THIS LOAN, YOU CONSENT TO TRIBAL JURISDICTION FOR THIS LOAN. YOUR RESIDENT STATE LAW MAY HAVE INTEREST RATE UNITS AND OTHER CONSUMER PROTECTION PROVISIONS THAT ARE MORE FAVORABLE. IF YOU WISH TO HAVE YOUR RESIDENT STATE LAW APPLY TO ANY LOAN THAT YOU TAKE OUT, YOU SHOULD CONSIDER TAKING A LOAN FROM A LICENSED LENDER IN YOUR STATE. [...] YOUR SIGNATURE AND ACCEPTANCE OF THIS LOAN WILL BE DEEMED AS PROOF THAT YOU HAVE READ THIS AGREEMENT, YOU HAVE APPROVED OF ALL OF ITS TERMS, INCLUDING CONSENTING TO TRIBAL JURISDICTION,**

Compl. at Exhs. 12-13.  Plaintiffs Brice and Novorot were also required to check a box acknowledging that, "By checking here and signing below, you [. . . ] understand, acknowledge, and agree that this Loan is governed by the laws of the Otoe-Missouria Tribe of Indians and is not subject to the provisions or protections of the laws of your home state or any other state."  (*Id.* at p. 7.) Similar provisions and an interactive acknowledgement of the loan's governing law are also present in the Plain Green, LLC loan agreement entered into by Plaintiff Browne.

[4] *See, e.g.*, Section 10-1-201, Title 10 Chippewa Cree Tribal Code – Chippewa Cree Tribal Lending and Regulatory Code:

> **Rate of Interest Set by Written Agreement — No Maximum or Usury Restriction; Fees and Charges as Agreed Upon by the Creditor and the Consumer.** Unless a maximum Interest rate or charge is specifically established elsewhere in this Title or the other laws of the Tribe, there is no maximum Interest rate or charge, or usury rate restriction between or among Persons if they establish the Interest rate or charge by written agreement. The Creditor and the Consumer can agree upon what fees and charges may be assessed as set forth in any written agreement between the Creditor and the Consumer.

The Chippewa Cree Tribal Lending and Regulatory Code is freely available online (https://www.plaingreenloans.com/css/title10.pdf) and has been produced as an exhibit in Federal Court. (Tribal Defendants' Reply in Further Support of Their Motion to Dismiss, D. Vt. No. 5:15-cv-101, ECF No. 92-1.)

sovereignty of a Native American tribe, and its ability to legislate free from interference from co-equal sovereigns (*i.e.* states such as California), is to be respected as Congress and the Supreme Court have required.  *See, e.g., Hoopa Valley Tribe v. Nevins*, 881 F.2d 657, 659 (9th Cir. 1989) ("If the state law interferes with the purpose or operation of a federal policy regarding tribal interests, it is preempted.").

Accordingly, given the choice of law provisions Plaintiffs agreed to in their loan contracts, the interest rates charged to Plaintiffs were not usurious under the laws Plaintiffs agreed to in their loan agreement.  As such, Plaintiffs' claims under the California Usury Laws must be dismissed.  And Plaintiffs' claims under 18 U.S.C. § 1962 must all also fail because the interest charged to Plaintiffs was not "at least twice the enforceable rate" permitted under the laws of the two tribes.  18 U.S.C. 1961(6) (defining an "unlawful debt" under RICO).

To the extent the Court nonetheless feels compelled to undertake a conflict of law analysis, both California conflicts law and federal common law follow the approach outlined by the Restatement (Second) of Conflict of Laws (the "Restatement") to resolve choice-of-law questions. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001).   Under either formulation, where a contractual choice-of-law is included in the agreement between the parties, that clause "encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized…." *Frenzel v. Aliphcom*, No. 14-CV-03587-WHO, 2015 WL 4110811, at *6 (N.D. Cal. July 7, 2015) (citing *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal.4th 459, 470 (1992)). To the extent that a claim falls within this broad scope—as it does here—a court first considers whether there is a "reasonable basis for the parties' choice-of-law," including whether the selected forum "has a substantial relationship" to the parties or their transaction. *Id.*, 2015 WL 4110811, at *7 (citing *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal.4th 906, 916 (2001)).[5]  If either of those tests are satisfied, the contractual choice-of-law

---

[5] To the extent the Court finds that there is no substantial relationship, the Court would revert to the standard conflict of laws analysis absent such a contractual clause.  *See Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001).  Under California law, "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."  Cal. Civ. Code §1646.  However, under that analysis, the result will ultimately be the same.  The contracts were all formed on

"generally will be enforced unless the [party opposing the clause] can establish *both* the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." *Abat v. Chase Bank USA, N.A.*, No. SACV0701476CJCANX, 2010 WL 11465416, at *1 (C.D. Cal. Oct. 28, 2010) (citing *Wash. Mut. Bank*, 24 Cal.4th at 917).

Here, Plaintiffs' causes of action all arise from their loan agreements containing the choice-of-law provision.  The laws selected by the choice-of-law provision also have a substantial relationship to the Plaintiffs' Native American lenders.  Specifically, both Native American lenders are owned and operated by their respective tribal governments and were incorporated under the laws of their respective governments.  This incorporation under tribal law establishes both a substantial relationship to, and a reasonable basis for the selection of the laws of the Native American lenders. *Nedlloyd Lines*, 3 Cal.4th at 467 (incorporation of two parties to a transaction in foreign forum established both substantial relationship and reasonable basis for choice of foreign law); *Petters Co. Inc. v. BLS Sales Inc.*, No. C 04-02160 CRB, 2005 WL 2072109, at *3 (N.D. Cal. Aug. 26, 2005) (finding the substantial relationship test satisfied where the lender is located in the selected forum).  Accordingly, the choice-of-law provision should be given effect unless Plaintiffs can demonstrate that application of the laws of the Chippewa Cree Tribe and the Otoe Missouria Tribe are: (1) contrary to a California fundamental public policy; and (2) California has a materially greater interest in resolution of this matter.  Plaintiffs can do neither.

First, application of the laws of the Native American tribes selected in the Plaintiffs' loan agreements will not contravene a fundamental public policy of California.  As California courts have pointed out, while there is a public policy against usury, there is "no strong public policy against a particular rate of interest so long as the charging of that rate is permitted by law to the specific lender." *Gamer v. duPont Glore Forgan, Inc.*, 65 Cal. App. 3d 280, 287 (1976).  Indeed,  state and

the Native American lenders' respective reservations, funds were disbursed from the reservations, payments sent to the Native American lenders on their reservation, where the Native American lenders are located and have their headquarters.  Plaintiffs' loan agreements all acknowledge these facts and counsel's arguments to the contrary are not a basis for a different conclusion.  Given similar facts the Ninth Circuit has found that under Section 1646, the law of the lender's home state will apply. *Shannon-Vail*, 270 F.3d at 1211.  An identical conclusion should be reached here.

federal courts in California have enforced choice-of-law provisions in loan contracts notwithstanding that the selected forum requires payment of interest at rates above those permissible under California law. *See Petters Co.*, 2005 WL 2072109, at *4-5 (enforcing choice of Minnesota law provision over objection that chosen law did not recognize usury defense and would thus violate fundamental public policy of California because there was a substantial relationship to the chosen forum and Minnesota law was "similar in purpose and effect to California's decision to exempt certain classes of financial institutions."); *Green Horizon Mfg. LLC v. Meridian Working Capital*, No. A138781, 2014 WL 4594507, at *4-5 (Cal. App. Sept. 16, 2014) (unpublished) (enforcing choice-of-law clause selecting the laws of Arizona in favor of unlicensed lender even where Arizona permitted higher interest rates and fewer statutory exceptions than the usury laws of California); *Ury v. Jewelers Acceptance Corp.*, 227 Cal. App. 2d 11, 20 (1964) (noting in conflict of laws analysis that given the numerous statutory exceptions to California Constitutional provision addressing usury, "California does not have such a strong public policy against any and all contracts which would be usurious if they were made and to be performed here…").

Because California does not have a fundamental policy against the application of foreign laws requiring the payment of interest rates higher than those permissible under California law, the inquiry ends and the Court should require application of the laws of the Chippewa Cree Tribe or the Otoe-Missouria Tribe. Under those laws, the rates charged to Plaintiffs are not unlawful or usurious. *See, e.g.,* § 10-1-201, Title 10 Chippewa Cree Tribal Code. This finding undercuts the legal theory underpinning all of Plaintiffs' causes of action, and requires their dismissal.

### C. Plaintiffs' RICO claims are deficient as a matter of law.

Plaintiffs' attempts to hold the Haynes Defendants liable under RICO are plainly improper as a matter of law because they attempt to impose liability on the Haynes Defendants by looking to the alleged acts of alleged RICO enterprise as a whole. But under RICO, a "Person" that can be liable under the statute must be separate from the enterprise as a whole, and the acts of the "Person" are what matter for liability purposes. This fundamental misapplication of the RICO statute undercuts Plaintiffs' RICO claims against the Haynes Defendants in full. First, the Plaintiffs lack standing to bring a civil RICO claim because they were not proximately harmed by a violation of the statute *by*

*the Haynes Defendants*.  Second, Plaintiffs fail to demonstrate that *the Haynes Defendants* have undertaken the predicate act of collecting an unlawful debt from Plaintiffs.  On this point, Plaintiffs also fail to demonstrate that the debts collected by the Native American lenders are unlawful under RICO.[6]   As such dismissal of the RICO claims against the Haynes Defendants is appropriate.

> *1.     Plaintiffs lack RICO standing for their claims against the Haynes Defendants.*

Plaintiffs lack standing to pursue RICO claims against the Haynes Defendants because Plaintiffs have not been injured in their business or property by reason of the collection of an unlawful debt *by the Haynes Defendants*.  Private plaintiffs have standing to sue under RICO only when "injured in his business or property by reason of a violation of section 1962…."  18 U.S.C. § 1964(c).  This standing requirement demands that a plaintiff demonstrate that a defendant's collection of an unlawful debt is both the but-for and legal cause of a plaintiff's injury.  *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999).  "Mere 'but-for' or factual causation is insufficient.  So too is 'a link that is too remote, purely contingent, or indirect.'"  *Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*, 691 F. App'x 416 (9th Cir. 2017) (internal citations and quotation marks omitted) (holding that proximate cause under Section 1964(c) did not exist even where false mail and wire transmissions facilitated an overall illegal arrangement because the actions of others more directly caused the plaintiff's injuries.).  This is because, "[t]he Supreme Court has repeatedly confirmed that 'the general tendency of the law' in regards to proximate cause inquiries under RICO '*is not to go beyond the first step.*'"  *Tatung Co., Ltd. v. Shu Tze Hsu*, 43 F.Supp.3d 1036, 1058 (C.D. Cal. 2014) (emphasis added) (citing *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 8-12 (2010)).  Indeed, as the Ninth Circuit recently recognized, the Supreme Court's decision in *Hemi* "emphasized that a claim would not meet RICO's direct relationship requirement if it required the Court to move beyond the first step in the causal chain."  *Fields v. Twitter, Inc.*, 881

---

[6] Section 1961(6) defines unlawful debt as, a debt which is (1) unenforceable under State or Federal Law in whole or in part as to principal or interest because of the laws relating to usury; (2) which was incurred in the business of lending money or a thing of value; and (3) at a rate of interest at least twice the enforceable rate.  18 U.S.C.  § 1961(6).  Given the enforceable choice-of-law provision, however, the debts are not at twice the enforceable rate under the laws of the Native American lenders.

F.3d 739, 745 (9th Cir. 2018) (citing *Hemi*, 559 U.S. 1, 8-12). And, under a Section 1962(a) claim, a plaintiff must properly allege "an investment injury separate and distinct from the injury flowing from the predicate act." *Sybersound Records Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008).

A plaintiff must demonstrate that each defendant—not the enterprise as a whole—meets the proximate cause requirement. *See Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d 1046, 1053 (C.D. Cal. 2016) ("[A] plaintiff must show not only that *the defendant's violation* was a 'but for' cause of his injury, but that it was the proximate cause as well.") (emphasis added) (quoting *Forsyth v. Humana*, Inc., 114 F.3d 1467, 1481 (9th Cir. 1997)). The RICO proximate cause element is "used to limit a person's responsibility for the consequences of that person's own acts." *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). Where a plaintiff fails to demonstrate proximate causation as to a defendant, they cannot recover from that defendant.

Plaintiffs have failed to demonstrate that the Haynes Defendants, as opposed to the enterprise as a whole, has proximately caused them harm. First and foremost, the Haynes Defendants has had no interactions with Great Plains Lending, LLC, or the Otoe-Missouria Tribe, and thus the Haynes Defendants' actions could not have proximately caused Plaintiffs' injuries arising from that loan product. And, as to Plain Green, the Haynes Defendants are alleged to have done nothing more than lent them money and connect them with service providers. Compl. at ¶¶ 82-83, 97. At no point are the Haynes Defendants alleged to have collected any debts from Plaintiffs or have otherwise interacted with any consumer. As such, to the extent any Plaintiffs could have suffered any harm, such harm would have been proximately caused by the entities *actually collecting Plaintiffs' debts*, not the Haynes Defendants. But the entities that actually collected loans from Plaintiffs are sovereign arm-of-the-tribe lending companies owned and operated by the Native American tribes that created those entities. To that end, there is no monetary or equitable relief available from such entities under RICO, as sovereign entities are not "Persons" under RICO from whom relief is available. *Cf. Inyo Cty. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony*, 538 U.S. 701, 709 (2003) (Native American tribe, like a state, is not a "person" that could be sued under 42 U.S.C. § 1983); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3rd Cir. 1991) (plaintiffs

could not maintain private civil action under RICO against municipality as the municipality could not be liable for the treble damages imposed in such an action).

Finally, determinative of Plaintiffs 1962(a) claims is their failure to allege any separate injury (apart from their proposed injuries flowing from the collection of unlawful debts) that was caused by an investment by the Haynes Defendants. Indeed, the precise theory Plaintiffs advance here, that the alleged investment of reinvestment of funds by the Haynes Defendants back into the enterprise permitted the enterprise to continue lending (Compl. ¶ 160), has been explicitly rejected by the Ninth Circuit. *Sybersound Records, Inc.*, 517 F.3d at 1149 (holding that "[r]einvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation.").

Plaintiffs' alleged harm was clearly caused by others. But the actions of others cannot create standing to pursue such claims against the Haynes Defendants. Plain Green and Great Plains originated and collected Plaintiffs' loans. Those entities, not the Haynes Defendants, collected loans made to Plaintiffs—the loan contracts make clear that all acts of collection on the loans were performed by the lenders—or at least someone other than the Haynes Defendants. Compl. at Exhs. 12-13. The Haynes Defendants are alleged to have done nothing more than just lend funds to one Native American Lender for a period of time, and otherwise assisted in identifying potential service providers – nothing more. The Haynes Defendants have never interacted with Plaintiffs and their actions were complete long before Plaintiffs ever took out their loans. Said differently, such a theory of liability against the Haynes Defendants stretches the chain of proximate causation well beyond the reach of RICO. *See Fields*, 881 F.3d at 745.

       2.    *The Complaint fails to establish a violation of Section 1962 by the Haynes Defendants.*

Beyond the lack of standing, perhaps a more fundamental flaw in Plaintiffs' Complaint is that it fails to actually allege a substantive violation of RICO's conduct provision, Section 1962, by the Haynes Defendants. Under Sections 1962(a), (b), and (c), a plaintiff must prove that *each defendant*: (1) invested in, acquired an interest in, or operated; (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity which (5) the proximately harmed the

victim. *See Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1076 (N.D. Cal. 2018) (emphasis added) (citing *Eclectic Properties*, 751 F.3d at 997); *Monterey Bay*, 2018 WL 3439372, at *13 ("Plaintiffs should allege facts showing what predicate acts each Defendant committed and how those acts injured each Plaintiff."). Yet Plaintiffs' Complaint fails to allege that the Haynes Defendants – as opposed to some other defendant – invested in, maintained an interest in, participated in the operation or management of any purported enterprise. Worse still, the Complaint fails to allege that the Haynes Defendants purported investment, acquisition, or operation of an enterprise was done *through* the collection of an unlawful debt. These are bedrock elements of any RICO claims, and their absence of such key and necessary factual allegations in the Complaint requires dismissal of the RICO claims against the Haynes Defendants.

a.      The Haynes Defendants did not collect of unlawful debts.

Plaintiffs' Complaint fails to even allege that the Haynes Defendants engaged in any acts prohibited under the statute. It is black letter law that in order to face liability under RICO Sections 1962(a), 1962(b), or 1962(c), a proper defendant must be shown to have engaged in either a pattern of racketeering activity or the collection of an unlawful debt. 18 U.S.C. § 1962(a)-(c); *see also Oxford St. Properties, LLC v. Robbins*, No. CV 10-2999-VBF(RZX), 2010 WL 11549864, at *3 (C.D. Cal. Sept. 15, 2010) ("The RICO statute requires 'a pattern of racketeering activity' on the part of each defendant."); *United States v. Bergrin*, 650 F.3d 257, 267 (3d Cir. 2011) ("It is the 'person' charged with the racketeering offense—not the entire enterprise—who must engage in the 'pattern of racketeering activity.'" (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 244 (1989))). "RICO does not criminalize engaging in a pattern of racketeering or collecting unlawful debt, but rather criminalizes participation in the affairs of an enterprise through those means." *United States v. Pepe*, 747 F.2d 632, 661 n.48 (11th Cir. 1984); *see also In re Ins. Brokerage*, 618 F.3d at 372 (holding that a defendant must conduct or participate in the enterprise's affairs "through—that is, by means of, by consequence of, by reason of, by the agency of, or by the instrumentality of—a pattern of racketeering activity."). Stated differently, demonstrating that the Haynes Defendants actually collected an unlawful debt, and that such action was be the method through which the Haynes Defendants invested in, acquired an interest in, or participated in the affairs of the enterprise, are

essential elements of any RICO claim. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) ("Regardless of subsection, RICO claims under § 1962 have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.").

The Complaint fails to allege that the Haynes Defendants have engaged in a pattern of racketeering activity or the collection of an unlawful debt. This is fatal to all of Plaintiffs' RICO claims. The unlawful conduct alleged in the Complaint is the collection of unlawful debts. *See* Compl. ¶¶ 159, 170, 184-185. As other courts have found, that conduct only occurs when a defendant takes an action that "would tend to induce another to repay an unlawful debt…." *See United States v. Eufrasio*, 935 F.2d 553, 576 (3d Cir. 1991). But nowhere in the Complaint are the Haynes Defendants, as opposed to the enterprise as a whole, alleged to have collected any debts from Plaintiffs or taken any action that would have induced any of the Plaintiffs to repay a debt. Only other defendants are alleged to have collected those debts. The actions of the Haynes Defendants are limited to providing funding to Plain Green. Such an action, however, does not constitute the collection of unlawful debts by the Haynes Defendants. Lacking the key factual allegation that the Haynes Defendants—as opposed to the enterprise as a whole—collected debts from Plaintiffs, the Haynes Defendants cannot be liable under Section 1962(a), (b), or (c).

                          b.      The Complaint fails to allege the Haynes Defendants invested in, acquired, or operated any enterprise *through* the collection of unlawful debts.

RICO also requires more than the commission of predicate acts by a defendant. This is because, "RICO does not criminalize engaging in a pattern of racketeering or collecting unlawful debt, but rather criminalizes participation in the affairs of an enterprise through those means." *United States v. Pepe*, 747 F.2d 632, 661 n.48 (11th Cir. 1984); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 372 (3d Cir. 2010) (holding that a defendant must conduct or participate in the enterprise's affairs "through—that is, by means of, by consequence of, by reason of, by the agency of, or by the instrumentality of—a pattern of racketeering activity."). RICO, however was never meant to be used to turn general contract disputes into federal causes of action. *See, e.g., Flip Mortgage Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir. 1988). This is particularly true where the

underlying predicate is the collection of unlawful debts because, as the Ninth Circuit has cautioned, "RICO is concerned with evils far more significant than the simple practice of usury." *Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n*, 840 F.2d 653, 666 (9th Cir. 1988) (quoting *Durante Bros. and Sons, Inc. v. Flushing Nat. Bank*, 755 F.2d 239, 248 (2d Cir. 1985)). Indeed, Courts must be weary of RICO claims in such situations because RICO "has an almost inevitable stigmatizing effect on those named as defendants," and in the interests of fairness to those labeled as racketeers, "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990).

Rather, Section 1962(c) is violated only when the collection of an unlawful debt is "the means by which a defendant 'participate[s], directly or indirectly, in the conduct of [the] enterprise's affairs.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 371 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)) (alterations in original). The Supreme Court has held that "[m]ere participation in the activity of [an] enterprise is insufficient," to impose liability under Section 1962(c). *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *see also Int'l Bus. Machines Corp. v. Brown*, 134 F.3d 377 (9th Cir. 1998) (unpublished) ("Evidence that the defendant knew of the scheme or even benefitted from the scheme is not enough to impose RICO liability."). In this context, Congress did not intend for liability to arise under Section 1962(c) for those that aid or abet an enterprise, but rather only those who take part "in directing the enterprise's affairs…" *Reves*, 507 U.S. at 178-79; *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 4890594, at *12 (N.D. Cal. Oct. 30, 2017) (noting that under *Reves*, "RICO requires more than aiding and abetting conduct to give rise to liability.").

On this point, numerous courts have found, the proper defendant under Section 1962(c) "must do more than simply provide, through its regular course of business, goods and services that ultimately benefit the enterprise." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1251 (10th Cir. 2016); *Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 690 (8th Cir. 2008) ("A bank's financial assistance and professional services may assist a customer engaging in racketeering activities, but that alone does not satisfy the stringent "operation and management" test of Reves."). But, at best, that is all Plaintiffs can allege as to the Haynes Defendants.

The Supreme Court has repeatedly confirmed that "liability [under RICO] depends on showing that the defendant conducted or participated in the conduct of the *'enterprise's affairs,'* not just their *own* affairs." *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993) (emphasis in the original); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 371 (3d Cir. 2010) ("More precisely, one is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself.") (internal quotation omitted).  As the Supreme Court confirmed, in order for a defendant to face liability he or she must play "*some* part in directing the enterprise's affairs…"  *Reves*, 507 U.S. at 179 (emphasis in original).  Yet the Complain makes no such allegation as to the Haynes Defendants.  Rather, the entire section of the Complaint dedicated to identifying facts demonstrating the Haynes Defendants' purported participation in the entity alleges only that "Haynes used his connections to *assist* the enterprise's efforts…" Compl. ¶ 87 (emphasis added).  But allegedly assisting an enterprise is not the same thing as directing the enterprise's affairs.  *See Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289, 306 (E.D.N.Y. 2017) (dismissing RICO claims against ACH providers because, in part, "a person may not be held liable merely for taking directions and performing tasks that are necessary and helpful to the enterprise, or for providing goods and services that ultimately benefit the enterprise.").

Courts around the country have consistently recognized that "[r]egardless of how indispensable or essential such services may have been, rendering a professional service by itself does not qualify as participation in a RICO enterprise."  *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 431 (S.D.N.Y. 2007); *see also Chi v. MasterCard Int'l, Inc.*, No. 1:14-CV-614-TWT, 2014 WL 5019917, at *2 (N.D. Ga. Oct. 7, 2014) ("Simply providing financial services or processing credit card transactions is not enough to establish 'operation or management' of an enterprise.").  This line of cases had been particularly well-developed in RICO cases filed against banking entities in connection with loans made to a purported RICO enterprise.  *See Indus. Bank of Latvia v. Baltic Fin. Corp., No. 93 Civ. 9032(LLS)*, 1994 WL 286162, at *3 (S.D.N.Y. Jun. 27, 1994) (granting motion to dismiss RICO claim against bank because "provid[ing] banking services—even with knowledge of the fraud is not enough" to state a RICO claim); *see also Super Vision Int'l, Inc. v. Mega Int'l Commercial Bank Co.*, 534 F. Supp. 2d 1326, 1338 (S.D. Fla. 2008) ("[b]ankers do not become

racketeers by acting like bankers.") (quoting *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank*, 934 F.2d 976, 981 (8th Cir.1991)); *Renaissance Ctr. Venture v. Lozovoj*, 884 F. Supp. 1132, 1146 (E.D. Mich. 1995) (holding "passive financing arrangements are insufficient to give rise to [RICO] liability," because such an arrangement does not lead to the conclusion that, defendant "manage[d] or direct[ed] the enterprise.").

Most recently, this line of cases includes *Pennsylvania v. Think Finance*, where the Pennsylvania court dismissed **both** substantive and conspiracy-based state-RICO claims against a lender because "a defendant does not incur liability under the COA for merely funding an alleged unlawful enterprise." No. 14-CV-7139, 2018 WL 637656, at *9 (E.D. Pa. Jan. 31, 2018) (citing *Dongelewicz v. PNC Bank Nat'l Ass'n*, 104 F. App'x 811, 817-18 (3d Cir. 2004)). The Pennsylvania court's citation to the reasoning in *Dongelewicz* is particularly important. In that case, the Third Circuit emphasized that even where the terms of a loan agreement granted a lender certain approval rights for the underlying project, no RICO liability would exist, because to hold otherwise "would wreak havoc on the lending industry, for any lender who reasonably wished to protect itself would be forced to run the risk of being sued for the unknown fraudulent acts of its borrowers." *Dongelewicz*, 104 Fed.Appx. at 817.

These cases are absolutely clear and counsel against permitting the RICO cause of action to continue against the Haynes Defendants. As those cases dictate, the Haynes Defendants' mere funding of Plain Green and/or the provision of consulting services to an alleged RICO enterprise is not enough to support liability.

### 3.    The Complaint fails to establish a RICO conspiracy.

Much like their claims under substantive RICO, Plaintiffs' claims against the Haynes Defendants under RICO's conspiracy provision must be dismissed. To establish a claim under Section 1962(d), a party must prove:  (1) the existence of a RICO enterprise affecting interstate commerce; (2) the participation of the conspirators in the affairs of the enterprise; and (3) "either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); 18 U.S.C. § 1962(d). Additionally, a proper defendant under Section 1962(d)

"must also have been 'aware of the essential nature and scope of the enterprise and intended to participate in it.'" *Id.* (quoting *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993)); *see also United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013) (plaintiffs must allege that the defendants engaged in a degree of cooperation beyond normal commercial relationships).  It is foundational that to violate Section 1962(d) the conspirators "must have agreed to commit an act that is itself illegal – parties cannot be found guilty of conspiring to commit an act that is itself not against the law." *Jackson v. BellSouth Telecomm'ns*, 372 F.3d 1250, 1269 (11th Cir. 2004).  A plaintiff cannot properly allege that "a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." *Howard*, 208 F.3d at 751.

Plaintiffs allege that each defendant, including the Haynes Defendants, violated Section 1962(d) "by entering into a series of agreements to violate §§1962(a)-(c)"  Compl. at ¶ 195.  Out of the gate, the conspiracy claims must be dismissed because the debts were not unlawful under the choice-of-law provision in the consumer loan agreement, and therefore there is no substantive violation of RICO such that a conspiracy claim is possible.  *Howard*, 208 F.3d at 751.  And, because Plaintiffs' fail to demonstrate proximate causation as to the Haynes Defendants, there is no substantive violation of RICO and, thus, there is no basis for a RICO conspiracy claim. *Id.*

### D. Plaintiffs' California usury claims fail.

Under California law, a claim for usury has four elements: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Bisno v. Kahn*, 225 Cal. App. 4th 1087, 1097 (2014), *as modified on denial of reh'g* (May 23, 2014).  The claim is statutory in nature, *see id.*, with Cal. Civ. Code § 1916-3(a) permitting any person aggrieved to bring a civil action for treble damages "against the person, company, association, or corporation who shall have taken or received," the usurious interest.  This statutory definition, however, is exhaustive and precludes liability against agents, aiders and abettors, and those that benefitted from the transactions but did not directly receive the payments. *See Clarke v. Horany*, 212 Cal. App. 2d 307, 311 (1963).  Under the plain construction of

the Section 1916-3, liability is only possible against "the person 'who shall have taken or received' the payment." *Liebelt v. Carney*, 213 Cal. 250, 252–53 (1931). Put differently, "The recipient of the interest alone is liable." *Penziner v. W. Am. Fin. Co.*, 133 Cal. App. 578, 588 (1933).

Here, there can be no doubt that payments were made from consumers directly to the Native American lenders—not the Haynes. This inescapable fact precludes liability under California's usury laws entirely. Furthermore, liability against the Haynes Defendants is similarly inappropriate because the statute of limitations on such claims is, at most, two years. *Stock v. Meek*, 35 Cal. 2d 809, 817 (1950). The Complaint was first filed on February 23, 2018, so the applicable limitations date is February 22, 2016. But, the Haynes Defendants are not alleged to have had any involvement in the business since, at the latest, February, 2015. Compl.¶ 86. Thus, to the extent any California usury claims against the Haynes Defendants exist, they are barred by the statute of limitations.

## E. Plaintiffs' unjust enrichment claims are similarly without merit.

Finally, application of the choice-of-law provision in the loan agreements requires dismissal of the California unjust enrichment claims. Initially, there is some confusion as to whether unjust enrichment exists as a separate cause of action, or merely a theory of recovery. *Compare De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018), *review denied* (July 11, 2018) (holding that "[u]njust enrichment is not a cause of action," but rather is nothing more than "a restitution claim."); *with Burton v. Gerber Products Company*, 2017 WL 3016740 (9th Cir. Jul. 17, 2017) (unpublished) ("the California Supreme Court has clarified California law, allowing an independent claim for unjust enrichment"). To the extent that the cause of action does not exist under California law, it must be dismissed. But, to the extent the Court considers such a claim, it is without merit. Under California law, a 'claim' for unjust enrichment does not exist "merely because one person has realized a gain at another's expense," but rather exists only to the extent "the enrichment obtained lacks any adequate legal basis and thus 'cannot conscientiously be retained.'" *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998 (2015). But payments made by Plaintiffs under their loan agreements had an adequate basis at law—the enforceable choice-of-law provision—and payments the Haynes Defendants received were payments from Think Finance for services provided, or from Plain Green as interest paid on the line of credit to the Tribe. Such facts

are not the basis for an unjust enrichment claim under California law. Accordingly, the Court should dismiss Plaintiffs' unjust enrichment claim.

**F.    The Haynes Defendants incorporate by reference certain arguments.**

In the interest of preserving judicial economy, and as expressly permitted by Fed. R. Civ. P. 10(c), the Haynes Defendants adopt and incorporate by reference as if set forth in full herein Plain Green's Motion to Dismiss.

## V.    <u>CONCLUSION</u>

Plaintiffs' Complaint makes claims against the Haynes Defendants that are not viable under either California or federal law.   On the merits, all of Plaintiffs claims against the Haynes Defendants should be dismissed.    Indeed, Plaintiffs' loan contracts, and the interest charged thereon, are consistent with applicable choice-of-law principles, and the law of the Native American lender for which Plaintiffs contracted.  And, even if this were not so, the remaining factual and legal deficiencies in Plaintiffs' Complaint require dismissal of the remaining claims.

DATED:  October 10, 2018          By      */s/ Anna S. McLean*
                                                          Anna S. McLean (Cal. Bar No. 142233)
                                                          Daniel R. Fong (Cal. Bar No. 311985)
                                                          SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                                          Four Embarcadero Center, 17th Floor
                                                          San Francisco, CA 94111-4109
                                                          Telephone:   (415) 434-9100
                                                          Facsimile:    (415) 434-3947

                                                          Richard L. Scheff (admitted *pro hac vice*)
                                                          Jonathan P. Boughrum (admitted *pro hac vice*)
                                                          David F. Herman (admitted *pro hac vice*)
                                                          Armstrong Teasdale, LLP
                                                          1500 Market Street, Fl. 12, East Tower
                                                          Philadelphia, PA  19102
                                                          Telephone:  (215) 246-3478

Attorneys for Defendants
*Haynes Investments, LLC and L. Steven Haynes*