UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMETRA BRICE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HAYNES INVESTMENTS, LLC., *et al.*, <br><br> Defendants. | Case No. 18-cv-01200-WHO <br><br> **RULINGS FOLLOWING THE PRETRIAL CONFERENCE** |
| KIMETRA BRICE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE STINSON, *et al.*, <br><br> Defendants. | Case No. 19-cv-01481-WHO |

In advance of the Pretrial Conference on August 9, 2021, I provided Tentative Rulings. Dkt. No. 281.[1] At the conference itself, I heard argument on several motions. My rulings on all of the pending motions follow.

**I.   MOTION TO SHORTEN TIME/MOTION TO CERTIFY TO THE NINTH CIRCUIT – DKT. NO. 259**

The motion to shorten time to consider the merits of the motion to certify at the Pretrial Conference is **GRANTED**.

Defendants' motion to certify the summary judgment order for interlocutory review is **DENIED**. The resolution of three issues identified by defendants in support of their motion will

---

[1] All Docket citations are in Case No. 19-cv-01481.

1  be better determined on a full factual record post-trial or by the Ninth Circuit on appeal. Given the
2  disputes of material fact, certification of these issues now would not be useful or productive to
3  resolve any theoretical splits in authority or to correct any alleged errors in my summary judgment
4  order.

### II.   MOTION TO STAY – DKT. NO. 256

The motion to stay is **DENIED.** Defendants had a full opportunity to seek a stay from the Ninth Circuit in June 2019 (when I denied the motion to stay pending the resolution of the appeal on the arbitration issue in 18-cv-01200) or again from me back in November 2019, when I denied the similar motion to compel in 19-cv-01481. Defendants present no new reasons justifying a stay, much less a stay on the eve of trial. The COVID-related protocols that will be implemented during trial in order to minimize risk to the trial participants were discussed at the Pretrial Conference.

### III.  MOTION TO REOPEN DISCOVERY - DKT. NO. 269

Plaintiffs' motion to reopen discovery is **GRANTED**. As explained in more depth below, I find that there is sufficient foundation provided by witnesses with adequate personal knowledge to conclude that the RSM data is authenticated and conditionally admissible at trial. Nonetheless, plaintiffs have also shown good cause for reopening discovery on this limited issue. Plaintiffs are given leave to take a two hour deposition of TF Holdings, Inc. to gather additional testimony regarding the authentication and/or admissibility of the RSM data. If plaintiffs proceed with that deposition, defendants shall be provided equal time to question TF Holdings.

Counsel for defendants are encouraged to assist plaintiffs' counsel in serving the subpoena on TF Holdings, Inc. and to secure a mutually agreeable time for that deposition sufficiently in advance of trial. If plaintiffs encounter any difficulties in the service or effectuation of that subpoena, they should notify me.

### IV.   MOTION TO EXCLUDE – DKT. NO. 224

Defendants' motion to exclude plaintiffs' expert (Peterson) is **GRANTED** in part. At the outset, I recognize that some limited background could be helpful to the jury to introduce them to the scope and variety of tribal operations with respect to tribal lending and other related business.

But that background must be balanced between plaintiffs' beliefs and characterizations and defendants' beliefs and characterizations. The parties are encouraged to agree to a Joint Statement regarding that background, obviating the need for much of the testimony from Peterson (consistent with my exclusion of testimony from defendants' experts) that otherwise causes problems under Rule 403 given its marginal relevance and the not insignificant risks of prejudice, jury confusion, and waste of time if these experts were allowed to testify on all of their designated topics.

Whether or not the parties can agree to a Joint Statement, limited testimony from Peterson will be allowed concerning the regulatory and legal background to provide context to Think Finance's transition from its arrangement with the First Bank of Delaware to the tribal lending business and the subsequent shift to other business arrangements (his second and third opinions). Peterson may not discuss the specific convictions/criminal proceedings against others involved in tribal lending business but may opine that the structure and relationship of Think Finance's lending operation was consistent with the structure and relationship of other lending operations involving tribes that were challenged in litigation. His testimony should comply with the other rulings made on the motions in limine. Defendants' arguments regarding Peterson's qualifications and methodology go to weight and not admissibility.

### V. PRETRIAL STATEMENT DISPUTES – DKT. NO. 250

#### A. Bifurcation/Consolidation.

Case No. 18-cv-01200, as I have indicated, is formally consolidated for trial with Case No. 19-cv-01481. I will not bifurcate and try the claims against the Haynes Defendants separately given the near total factual overlap between the cases, except for the disputes as to the nature of each remaining defendant's role in the tribal lending business.

I am inclined to submit the question of Unjust Enrichment to the jury based on the authorities cited by plaintiffs. The UCL claim will be determined by me post-trial.

#### B. Witnesses

Defendants' motion to exclude plaintiffs' witnesses (Judge Russ Nelms, Ritesh Patel, Sue Mouck, and Amy Young) is **DENIED**. The witnesses were adequately disclosed given plaintiffs' responses and disclosures. However, if defendants wish to depose any of these witnesses who

3

have not yet been deposed, plaintiffs shall produce them for up to four hours of deposition prior to the start of trial. If defendants encounter any difficulties in arranging the deposition of any of these undeposed witnesses, they should notify me.

## VI. MOTIONS IN LIMINE – DKT. NOS. 248, 251

### A. Defendants' MILs

#### 1. MIL No. 1

**GRANT** as to amount and other information regarding settlements in other tribal lending cases, except limited testimony will be allowed so that plaintiffs can establish how the RSM data was produced and used in prior settlements to counter defendants' attacks on the trustworthiness and reliability of that data. I will issue a limiting instruction to obviate any potential prejudice to defendants.

#### 2. MIL No. 2

**GRANT**. Defendants, however, are precluded from asking plaintiffs about their personal knowledge regarding defendants' acts as well as topics that go only to plaintiffs' suitability to be class representatives. As discussed below, defendants shall not discuss plaintiffs' credit history or use of other high-interest loan products unless plaintiffs open the door by discussing the impact paying the usurious interest had on them. If that door is opened, defendants will have an opportunity to ask plaintiffs about their use of other high-interest loans and explore why plaintiffs used high-interest loans.

#### 3. MIL No. 3

**DENY**. Inappropriate for a MIL. To the extent defendants want "advance direction" they should work with plaintiffs to identify the significant documents that concern them and reach a stipulation if possible.

#### 4. MIL No. 4

**DENY**. As explained in more depth below, I tentatively find that witnesses with adequate personal knowledge can authenticate the RSM data and lay the foundation for its conditional admission. Defendants may attack the contents and reliability of the admitted RSM data through cross-examination. Defendants' arguments about the unreliability of the data and RSM's lack of

4

knowledge as to Think Finance's origination of that data go to weight, not admissibility.

### 5.     MIL No. 5

**DENY**.  Admission of summaries will be addressed when raised at trial.

### 6.     MIL No. 6

**GRANT** as to mention of criminal proceedings/convictions but DENY for other purposes (*e.g.*, introduction of communications/documents to show the active participation of particular defendants in the tribal lending business).  I will issue limiting instructions as necessary.

### 7.     MIL No. 7

**GRANT** as to "rent-a-bank," "rent-a-tribe," grave sin, mafia, extortionate, criminal racketeering, kickback, extort, cheat, and scam.  DENY as to racketeering (civil only), scheme, subterfuge, front, fraud, and loan shark.  The terms "rent-a-tribe" or "rent-a-bank" in exhibits or designated video deposition testimony will not be redacted; counsel may not comment on those phrases, solicit witnesses to use those phrases, or quote them in argument.

### 8.     MIL No. 8

**DENY**, except that limited use and mention of regulatory actions to explain defendants' knowledge of, concerns about, and actions in response to regulatory activity is permitted.  I will provide a limiting instruction as necessary.

### 9.     MIL No. 9

**GRANT**.   Plaintiffs may comment on this case or introduce evidence for purposes of showing knowledge of and active participation by defendants in the tribal lending business, but plaintiffs shall not argue that there was any significance to the court's denial of the requested preliminary injunction.

### 10.     MIL No. 10

**DENY**.

## B.     Plaintiffs' MILs

### 1.     MIL No. 1

**GRANT** as to (i), (ii).  I have repeatedly held that tribal law does not apply and sovereign immunity is irrelevant.  Defendants may adduce facts about the Tribes' roles in, control over, and

5

money received from the tribal lending business but may not solicit testimony or argue that the Tribes were acting in their "sovereign" capacity or "exercising their sovereignty." That would cause jury confusion and waste time on a complex legal issue that is irrelevant. *See* Rule 403.

**GRANT** (ii). I have repeatedly held that plaintiffs do not need to prove that defendants personally collected debts or interest, although defendants may introduce evidence regarding the conduct and role of each defendant.

**GRANT** in part (iv) as to RICO liability. Shareholder status is not a shield for personal participation. Defendants remain free to argue that there was not sufficient personal participation because defendants had insufficient knowledge about or control over the RICO conduct, did not intend to join the RICO Enterprise, etc.

**GRANT** in part (v). The scope of the Bankruptcy Release was determined on summary judgment and counsel cannot argue to the contrary. That said, any ruling or interpretation by the Bankruptcy Court related to that issue may be raised for my consideration if it provides a ground to reconsider that summary judgment determination.

**GRANT** (vi). Class certification and related issues of each plaintiff's adequacy or suitability to be class representatives are not issues for the jury. Defendants can, however, explore the issue of Browne's residence and that RSM's data showed him as a California resident when he was not.

**GRANT** (vii). I rejected defendants' position that the release of two individuals from liability as directors of Think Finance impacts the liability of 7HBF on the motion for summary judgment under California law. Whether any of the three Harvisons was acting on behalf of 7HBF through his conduct with or for Think Finance sufficient to make 7HBF itself liable is still an open question.

### 2.     MIL No. 2

**GRANT**. The evidence plaintiffs have offered from persons with adequate personal knowledge regarding the source of and use of the RSM data is sufficient to establish authenticity.

As to admissibility, I find the record is sufficient to conditionally admit the RSM data under Rule 803(6) because the testimony of RSM appears to establish what the RSM data

includes, how the RSM data was secured, and how the RSM data was used by RSM under the auspices of various court orders. The RSM data satisfies Rule 803(6) because (i) the data appears to be records kept in the ordinary course of RSM's business, (ii) the data was relied upon by RSM, and (iii) RSM has a substantial interest in the accuracy of that data.

I separately find that the record is sufficient to conditionally admit the RSM data under Rule 807 (Residual Exception) as the RSM data possess adequate circumstantial guarantees of trustworthiness equivalent to the other hearsay exceptions given its source (electronic records of loan transactions maintained by Think Finance), its use, and the apparent lack of complaints about its accuracy (from courts, defendants, or class members) in other proceedings. The RSM data also appears to be more probative and adequate for the point for which plaintiffs offer it than other sources. Finally, given that Think Finance is a bankrupt and defunct entity, and given that the reorganized debtors related to Think Finance and/or the parent company of those reorganized debtors are controlled in some respect by some component of the defendants in this action and plaintiffs have apparently not been able to secure full cooperation with those other entities, the other avenues that defendants allege exist for securing the *same* data (from the reorganized debtors or from the tribal entities) are neither reasonable nor necessary. In addition, as noted, plaintiffs may take the limited deposition of TF Holdings to provide further support to the authentication or admissibility of the RSM data.

The RSM data is not admissible under Rule 801.

Defendants may attack the reliability of the RSM data as well as plaintiffs' methods of use of that data at trial. Those challenges go to weight, not admissibility.

### 3. MIL No. 3

**GRANT**. Defendants have not shown how a good faith defense is relevant to any of the claims to be presented to the jury (although it may be relevant to the UCL claim and can be addressed through testimony post-trial). Moreover, defendants could not raise the defense without implicating Think Finance's attorney client privilege or attorney work product protection over what legal advice Think Finance was provided that Think Finance conveyed to these defendants. Defendants state that "Think Finance" (or whomever currently holds that privilege, perhaps the

1  reorganized debtors) has instructed these defendants that they may not waive the
2  privilege/protection; defendants have produced redacted Board minutes and other documents *in*
3  *this litigation* precluding plaintiffs from viewing the entire presentations, advice and decisions in
4  those meetings, including what may have been covered by the attorney client privilege or attorney
5  work product information in those documents. It would be unfair to allow these defendants to use
6  a good faith defense that defendants admit ultimately rests on attorney client information provided
7  by Think Finance attorneys as both a sword and a shield given *their* invocation of the privilege to
8  shield relevant information in this litigation.

### 4. MIL No. 4

**GRANT** in part. What the parties may argue to the jury will be limited and defined by the Final Jury Instructions. No party may argue anything contrary to those Instructions. As to (i) racketeering, I will use an instruction similar to one used in 16-cv-0236 (*Planned Parenthood et al. v. Center for Medical Progress et al.*) for the sole purpose of explaining to the jury that civil liability is at issue, despite the use of the word "racketeering" in the RICO statute.

As to (ii) conspiracy to operate or manage a RICO Enterprise, both sides agree that in Ninth Circuit there is "no requirement that the defendants have actually conspired to operate or manage the enterprise himself or herself." As to (iii), the Final Jury Instructions will make it clear that plaintiffs do not need to show that any defendant personally attempted to collect an unlawful debt from a particular consumer. Defendants shall not argue to the contrary. As to (iv) proximate cause, defendants may argue that plaintiffs' injuries are too indirect to satisfy proximate cause but the definition of what is sufficiently direct will be governed by the Final Jury Instructions.

### 5. MIL No. 5

**GRANT**. Defendants may introduce evidence regarding other entities' and persons' involvement in or control over the tribal lending business. Defendants may introduce evidence regarding how the loans were financed and the loan payments collected and distributed (as well as to whom the payments were distributed). Defendants may introduce evidence showing that their clients were on the "fringes" of the tribal lending business. Defendants may not solicit testimony or argue that any entity/person's absence in this trial or that other any entity/person's potential

culpability is relevant to any defendant's liability. Defendants may not solicit testimony or argue that any other parties' settlement/judgment/liability for the claims asserted here or related claims offsets their liability. That testimony is excluded under Rule 403 as irrelevant and because that testimony risks mini-trials about those other settlements/judgments. Similarly, what plaintiffs' counsel alleged or argued concerning other defendants in other lawsuits is not relevant or admissible given the Rule 403 concerns. The Final Jury Instructions will advise the jurors to ignore the absence of others when determining liability and damages. Any argument about double recovery is not for the jury but should be addressed on post-trial motions.

#### 6. MIL No. 6

**GRANT**, unless plaintiffs open the door to some limited testimony about their options for credit and use of high-interest loans through testimony about their damage from paying usurious interest on the loans at issue in this case. Plaintiffs may, for example, testify about how much interest they paid or the need to roll one of their loans from defendants into another high-interest loans without opening the door. Plaintiffs may not, however, testify that they were unable to pay other bills or suffered particular hardships given their need to pay the interest on the loans at issue without opening the door.

The issue of whether these plaintiffs are adequate or suitable to be class representatives is not a question for the jury.

#### 7. MIL No. 7

**GRANT**. Allegations by counsel in other cases are irrelevant to this case. The adequacy or suitability of the plaintiffs to serve as class representatives are not issues for the jury.

#### 8. MIL No. 8

**DENY**. Plaintiffs can counter this characterization with percipient witness evidence that Think Finance was not a "servicer" or mere provider of services to others.

#### 9. MIL No. 9

**GRANT**. Not contested.

#### 10. MIL No. 10

**DENY**. The Court will allow a limited amount of percipient witness testimony on these

topics.

### 11. MIL No. 11

**GRANT**, as to the uncontested unlicensed status of the entities in California. What interest these entities actually charged class members or others on loans at issue in this case is subject to proof at trial.

**IT IS SO ORDERED.**

Dated: August 10, 2021



William H. Orrick
United States District Judge

10